## VAUGHT et al. v. JONES et al. (No. 1073—5279.)

Commission of Appeals of Texas, Section B.
June 5, 1929.

Fitzgerald & Hatchitt, of Wichita Falls, for plaintiffs in error.

George S. Berry and Penix & Penix, all of Graham, for defendants in error.

SPEER, J. This is a personal injury action brought by W. W. Jones against W. E. Vaught and others, and the sole question presented is one of venue. The suit was brought in the district court of Young county, where the injury occurred, and the defendants pleaded their privilege to be sued in Wichita county. A controverting affidavit was duly filed, replying that the suit was based upon a trespass committed in Young county. The pleas of privilege were denied, and that judgment was affirmed by the Court of Civil Appeals. 8 S.W.(2d) 800.

Subdivision 9 of article 1995 of the Statutes 1925 governing the case provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The petition alleged that the collision and injury occurred in the following manner: "* * * By reason of the grossly careless, reckless and negligent manner in which defendants, their agents and employés were driving and operating said trucks of and for defendants on the along said public road, the same struck, collided with and came in contact with the aforesaid Ford truck upon which plaintiff was riding and which was being driven by his said son at said, time and place, with terrific force, striking said Ford truck near the seat on the left hand side thereof and thereby knocked and forced said Ford truck upon which the plaintiff and his said son were riding and which was being driven and operated by them on and along said public road at said time and place, into the ditch on the right side of said public road at a point about four miles north of Graham in Young County, Texas, turning said Ford truck over and otherwise damaging same, and that the Ford truck and the two trucks of defendants were being driven in same direction on and along said public road at the time defendants, their agent and employés by reason of the reckless, careless and negligent manner in which their said two trucks, one trailed after the other and fastened together, were driven and operated by them at said time and place struck, collided with and came in contact with the aforesaid Ford truck upon which plaintiff was riding and that said collision was caused by the reckless, careless and negligent manner in which defendants, their agent and employés drove and operated said trucks at said time and place aforesaid."

The writ of error was granted because of the apparent conflicts and confusion in the decisions with reference to the exact meaning of the word "trespass" in the statute.

We think the opinion of the Court of Civil Appeals has reached the right conclusion; it properly appraises the decisions reviewed. The final test appears to be that, in order to constitute a "trespass" through negligence, the act must be an affirmative one rather than a mere omission to perform a duty. The plaintiff's petition meets this test. Nothing needs to be added to what Justice Buck has so well written.

We therefore recommend that the judgment of the Court of Civil Appeals affirming that of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.