**HERRIN et al. v. LOWE.**
No. 2409.

Court of Civil Appeals of Texas. Beaumont.
June 2, 1933.

Rehearing Denied June 7, 1933.

Sanders & McLeroy, of Center, for appellants.

Davis, Avery & Wallace, of Center, for appellee.

O'QUINN, Justice.

Appellee brought this suit against R. T. Herrin, C. G. Herrin, and O. B. Herrin, complaining of them individually and as members of the Herrin Transfer & Warehouse Company, a partnership, to recover damages growing out of a collision between a motor truck operated by appellants and a wagon in which appellee was riding. The sole question presented is one of venue. The suit was brought in the district court of Shelby county, where the injury occurred, and appellant R. T. Herrin, for himself and in behalf of the Herrin Transfer & Warehouse Company, partnership, filed a plea of privilege to be sued in Harris county. A controverting affidavit was duly filed, replying that the suit was based upon a trespass committed by appellants in Shelby county, invoking subdivision 9 of article 1995, R. S. 1925, as conferring venue upon the district court of Shelby county. The plea of privilege was denied, and this appeal is from that order.

Appellee's petition alleged that the collision and resulting injury occurred at a time when he was crossing a bridge on State Highway No. 35 on the Texas side of the Sabine river; that he drew his team and wagon to the right-hand side of the bridge up against the railing of the bridge and stopped his wagon; that there was ample room for appellants' truck to pass on the left side, the bridge being amply able to accommodate two-way traffic; that appellants' truck by reason of the careless, negligent, and wanton manner in which it was driven and operated by appellants' servant, agent, and employee suddenly collided with great force into and against the rear of appellee's wagon, violently throwing him out of the wagon and causing the serious injuries pleaded by him; that the collision and resulting injuries were directly caused by the negligence of the driver of appellants' truck in driving into the rear of his wagon, knowing that appellee and his wagon were stopped on said bridge; in failing to drive over said bridge on the left side where there was ample open space for passage in safety; in failing to keep a proper outlook ahead; in operating said truck at a dangerous and unlawful speed upon said highway and approaching said bridge, in failing to slow down the speed of the truck to fifteen miles per hour at the time it approached appellee's wagon on said bridge; that at the time said truck collided with appellee's wagon, it was going far in excess of fifteen miles per hour, and was being driven in a reckless manner at an unlawful and dangerous rate of speed; that in failing to pass appellee's wagon on its left, instead of recklessly and wantonly driving into the rear end of same, appellants violated the law of the road of the state and were guilty of negligence per se. Appellee further alleged:

"5. The plaintiff would show to the court that the defendants, through their agent, servant and employee, were negligent in that they discovered and saw the wagon on which the plaintiff was riding and saw that the same was loaded with said cotton and had sideboards on the bed thereof which extended something like four feet from the bed of the wagon, and that the plaintiff was riding atop thereof, when they were at least 250 feet behind said wagon, and then and there realized that said truck was traveling on the same side of the bridge as said wagon was stopped on, and it was obvious and evident to the defendants that plaintiff was thus in a perilous position and that there was no avenue of escape to him, but the defendants, through their said agent, servant and employee, failed to use the means at hand, consistent with the safety of the persons riding on said truck, to materially reduce the speed of the same or to stop the same whereby the injuries resulting from said collision could have been avoided."

Subdivision 9 of article 1995, R. S. 1925, was properly invoked by appellee. It provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

There has existed considerable confusion in the decisions with reference to the exact meaning of the word "trespass" in the statute. But happily that confusion has been dispersed by a decision of the Supreme Court, speaking through the Commission of Appeals in Vaught v. Jones, 17 S.W.(2d) 779. It is there held that the final test, in ascertaining what constitutes a trespass, within the meaning of the statute, is that, in order to constitute a trespass, through negligence, the act complained of must be an affirmative one rather than a mere omission to perform a duty. We think appellee's petition fully meets this test, and alleges several affirmative acts of wrongful negligence, which, under the statute, gives venue to the district court of Shelby county. The judgment is affirmed.