## STONE v. KERR et ux.

### No. 1394.

Court of Civil Appeals of Texas. Waco.

June 29, 1933.

Williford & Williford, of Fairfield, and T. D. Starnes, Jr., and Todd & Crowley, all of Fort Worth, for appellant.

Bryan, Cosby, Suhr & Bering, of Houston, for appellees.

STANFORD, Justice.

The plaintiffs, R. E. Kerr and wife, Edna Kerr, filed this suit in the district court of Freestone county, Tex., alleging that defendant, B. B. Stone, resided in Tarrant county, Tex.; that the plaintiffs, R. E. Kerr and wife, resided in Harris county, Tex.; that on or about the 8th day of April, 1932, a car operated by defendant collided with a car which was owned and driven by plaintiff R. E. Kerr, and in which Mrs. Edna Kerr was riding. That said collision occurred in Freestone county, Tex. It will thus be seen this appeal involves a plea of privilege only.

In response to plaintiffs' petition, the defendant, B. B. Stone, filed his plea of privilege on July 22, 1932, alleging his residence to be in Tarrant county, Tex., and praying for a transfer of said cause to the county of his residence.

On August 5, 1932, the plaintiffs filed their controverting affidavit to the plea of privilege of defendant, B. B. Stone, as will hereafter be set out in full.

Thereafter, and on August 24, 1932, the defendant, B. B. Stone, filed his demurrer to plaintiffs' controverting affidavit, which demurrer was duly presented at the hearing on the plea of privilege and was overruled by the court.

Whereupon, both parties announced ready for trial upon said plea of privilege, the defendant, B. B. Stone, presenting and urging said plea, and the court, after considering said plea and hearing the evidence submitted on said hearing, overruled the plea of privilege of the defendant, B. B. Stone, on August 25, 1932, to which action the defendant, B. B. Stone, then and there in open court excepted.

On the hearing on the plea of privilege on August 25, 1932, R. E. Kerr, one of the appellees, testified: "That on April 8, 1932, he was driving a Buick sedan automobile on high No. 75 from Ft. Worth to Houston; that there were with him in said automobile his wife and a Mrs. A. E. Bell. That as he was crossing the concrete bridge on highway No. 75 across Keechi Creek he was struck by an automobile approaching him from the opposite direction; that he, appellee Kerr, was driving in a general southerly direction. That the man who struck him gave appellee Kerr his name as B. B. Stone of Ft. Worth, Texas. That he, appellee Kerr, was driving on the right hand side of the black line going south at a speed of about twenty miles an hour; that he saw the car that struck him approach, coming over a steep hill; that it was straddling the black line as it came over the hill; that the way the driver of said car was coming, he pulled further to his left, which was the right of the appellee Kerr; that the driver of said automobile which struck him was going at about sixty to sixty-five miles an hour down the hill; that when said automobile struck the appellee Kerr's said automobile, it crushed its rear end, striking it just back of where appellee Kerr was sitting, and that said appellee Kerr was sitting in the driver's seat; that appellee Kerr was crowding the right hand balustrade of the bridge as close as he could; that the road on which he was driving and on which he was struck was a paved road; that the paving is about 18 feet wide; and that the bridge is about the

same width; that the black line is in the center of the road; and that as a result of said collision appellee Kerr's car was crushed down, particularly the side that was against the concrete balustrade, and tore the doors and shoved them inside the car and broke the glass."

The evidence in this case then is that appellee Kerr was driving a car at a lawful rate of speed, about 20 miles an hour, on the right hand side of the road, to the right of the black line in the road, which black line is in the center of the road; that he drove as far to the right as the balustrade of the bridge across Keechi Creek, which he was crossing, would permit. That the defendant approached at a speed of from 60 to 65 miles an hour, straddling the center line or the black line of the road, and struck the plaintiffs' automobile, wrecking and demolishing same.

■ In their controverting affidavit, the plaintiffs alleged the following:

"1. That plaintiffs herein have filed their original petition in this cause alleging that plaintiffs were driving a Buick sedan south on Texas highway No. 75 in Freestone County, Texas, driving on the right hand, or west side from the center line of said highway; that the plaintiff R. E. Kerr was driving and in so doing was watching the road forward and observing approach of traffic; that at a point about three miles South of Fairfield, Texas, as he was crossing the concrete bridge at Keechi Creek on said highway, the defendant approached driving North a LaSalle automobile, driving on said highway, dashing down a steep hill and straddling the center line of said highway at a speed of about 60 or 70 miles per hour, and as he approached swerved to the left, crashing into, and side-swiping plaintiffs' automobile with great force, striking plaintiffs' automobile at the front of the rear fender and crushing and forcing and pushing same against the west balustrade of said concrete bridge across Keechi Creek about 50 feet from the South end of same.

"2. Plaintiff further alleges in said petition that as a result of said collision, his said automobile was completely demolished and plaintiff, Mrs. Edna Kerr, was seriously injured, and that such collision and injuries resulting were caused by the negligent acts of the defendant in driving his said automobile at a speed of from 60 to 70 miles per hour, and in driving his said automobile so that the left side thereof was over the center line of said highway and other various grounds.

"3. These plaintiffs further say, that this suit, by reason of the matters alleged in said petition, and previously stated herein above, is based on a tort, that of trespass by the defendant, and that such acts of negligence of the defendant complained of were not passive, but were active and positive, and that

the acts of trespass and of active negligence complained of in said petition were done and committed in Freestone County, Texas.

"4. These plaintiffs, therefore, say that this court has venue of this suit because, (a) said suit is based on a tort, (b) that said tort consisted of a trespass committed by the defendant against the plaintiffs, (c) that said trespass consisted of acts committed by the defendant, which acts were negligent, (d) and that said negligent acts constituting said trespass were committed in Freestone County, Texas."

It will be observed that the controverting affidavit of appellees significantly says: "That the acts of trespass and of active negligence complained of in said petition were done and committed in Freestone County, Texas."

Throughout, the controverting affidavit makes frequent and explicit reference to plaintiffs' original petition.

Under article 827a, § 8, Penal Code of Texas, 1925, as amended by Acts 42nd Legislature, 1931, c. 282, § 9 (Vernon's Ann. P. C. art. 827a, § 8), the acts complained of constituted the commission of an offense or crime in Texas, because it is alleged that the defendant, Stone, exceeded a rate of speed of 45 miles an hour at the time of the collision.

Article 1995 of the Revised Civil Statutes of Texas for 1925, provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases."

One of the exceptions is subdivision 9, which reads as follows: *"Crime or Trespass. —A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."*

It was held in Scott v. Carlos (Tex. Civ. App.) 13 S.W.(2d) 957, that one driving an automobile in excess of the speed limit provided by article 801, now 827a, § 8, is guilty of a crime and offense, and his driving so that the left wheel is beyond the center line of the road is guilty of a trespass authorizing a suit against him for injuries to driver, and occupant of an approaching car, to be brought in the county where the collision occurred.

■ To the same effect is the holding of the Commission of Appeals, section B of Texas, in Vaught v. Jones, 17 S.W.(2d) 779. This court has on several occasions held that it is not necessary to replead in a controverting affidavit the cause of action, or to in turn make the petition a part of the affidavit; but that all required by the statutes (article 2007) is the averment under oath of the existence of facts sufficient to support the material allegations in appellees' petition. One of the most recent instances where this court passed

on a similar state of facts as exist in this case was in Winn v. Schramm (Tex. Civ. App.) 39 S.W.(2d) 645, 646, in which a plea of privilege had been overruled. The facts in that case and the decision of this court will appear from the following quotation from the above case:

"Appellee Schramm filed an affidavit controverting said pleas, in which he alleged that venue was properly laid in Bosque county because the suit was based upon the commission of a crime, offense, and trespass, being the theft of the two bales of cotton in controversy. He further alleged therein that venue was properly laid in said county because appellee Sammie Leach, one of the defendants therein, resided in said county and that he was a proper and necessary party to the suit. He also alleged that venue was properly laid in said county, the place of residence of one of the parties defendant, in order to avoid a multiplicity of suits. * * *

"The character of appellee's cause of action must be determined from the averments of his petition. * * * Appellee was not required to replead in his controverting affidavit his cause of action or to in terms make his petition a part of such affidavit. The statute (article 2007) merely required the averment under oath of the existence of facts sufficient to support the material allegations in appellee's petition. Sims v. Trinity Farm Construction Co. (Tex. Civ. App.) 28 S.W.(2d) 856, 857, and authorities there cited. The action of Leach and his confederates in taking possession of Schramm's property without his consent constituted an unlawful trespass. He had a right under our procedure to seek redress therefor by suit for the recovery of the property, or in the alternative for judgment for its value. Such is the character of this suit as established by the averments of his petition. He introduced testimony supporting the essential averments thereof. The testimony showed without dispute that Leach, one of the defendants, resided in Bosque county."

In the case of Sims v. Trinity Farm Construction Co., pars. 3 and 5, supra, it is said: "Article 2007, above quoted, required averments under oath of the existence of facts sufficient to support the material allegations of appellant's petition. It did not require appellant to replead in his controverting affidavit his cause of action, nor to in terms make his petition a part thereof. Clearly, we think appellant's controverting affidavit should be construed in the light of the allegations in his petition. When so construed, we think that the allegations of fact contained therein meet the requirements of the law," and authorities there cited. See, also, Demmer v. Lampasas Auto Co. (Tex. Civ. App.) 34 S.W.(2d) 421, and authorities there cited; Shafer v. Swift (Tex. Civ. App.) 256 S. W.

309; Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 792, 793; Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736; First Nat. Bank of Jacksonville v. Childs (Tex. Civ. App.) 231 S. W. 807, 808.

We think appellees' contentions in this case should be sustained. The judgment of the trial court is affirmed.