### SCHULLER v. FEARS.
#### No. 2493.

Court of Civil Appeals of Texas. Beaumont.
Dec. 18, 1933.

Rehearing Denied Dec. 20, 1933.

344

J. J. Collins, of Lufkin, and Seale & Thompson, of Nacogdoches, for appellant.

Bob Jones, of Henderson, and Adams & McAlister, of Nacogdoches, for appellee.

O'QUINN, Justice.

Appellee brought this suit against appellant to recover damages growing out of a collision between a motortruck operated by appellant and an automobile in which the husband of appellee was riding, her husband dying from injuries received in said collision. The sole question presented is one of venue. The suit was brought in the district court of Nacogdoches county, where the injury occurred, and appellant filed a plea of privilege to be sued in Harris county. A controverting affidavit was duly filed, replying that the suit was based upon a trespass committed in Nacogdoches county, invoking subdivision 9 of article 1995, R. S. 1925, as conferring venue upon the district court of Nacogdoches county. The plea of privilege was denied, and this appeal is from that order.

Appellee's petition alleged that the collision and resulting injury and death of her husband, L. L. Fears, occurred in Nacogdoches county on the state highway between the city of Nacogdoches in Nacogdoches county and the city of Lufkin in Angelina county; that at the time of the collision her said husband was traveling in an automobile on said highway going south toward Lufkin, and the truck of appellant, operated by one of his employees in the discharge of the business of appellant, was traveling on said highway going north toward Nacogdoches, and approaching the automobile in which said L. L. Fears was riding; that the automobile in which her said husband was traveling was being operated on the extreme right-hand side of said highway at a moderate rate of speed, and in a careful manner; that the truck of appellant immediately before the collision was being operated

and driven on the extreme left-hand side of said highway in violation of the laws of the state, and continued to advance on the left-hand side of the highway until it was practically upon the automobile in which her said husband was riding, and that W. E. Fears, son of appellee and her husband, who was driving the automobile in which her husband was traveling, in order to avoid a head-on collision with appellant's truck, attempted to pass around same on the left, at which time the driver of appellant's truck discovered that he was driving the truck on the left side of the highway, suddenly and abruptly cut the truck to the right, and thus collided with the automobile in which said L. L. Fears was riding, causing the injury and death of said Fears; that said act of appellant, his servant and employee, in operating the truck on the left side of the highway and so continuing until within less than 50 feet of the automobile and suddenly turning or cutting the truck to the right striking the automobile, was an affirmative act of negligence on the part of appellant, constituting an active trespass resulting in the injury and damage alleged, and which said trespass was committed in Nacogdoches county.

The petition further alleged that the collision, resulting injury, and death of her husband, were caused by and resulted from the following acts of negligence of appellant, each of which acts of negligence was alleged to be the proximate cause of the collision and injuries:

(a) Negligence of appellant in failing to keep a proper outlook for others who might be traveling along the highway in order to avoid and prevent injuring them.

(b) Negligence in operating his truck at the time and place in question on the left-hand side of the highway in violation of the statute of the state.

(c) Negligence in failing to operate the truck on the right-hand side of the highway as required by law.

Among other things, appellee, in her controverting affidavit, alleged: "* * * That immediately prior to said collision which occurred in Nacogdoches County, Texas, the defendant, his servants, agents and employees, were driving said truck on the extreme left hand side of the road, or on the west side of said road, in direct violation of the laws of the State of Texas, and continued to operate said truck on the left hand side of the road until it was practically upon the car in which the said L. L. Fears was riding, and that the said W. E. Fears, the driver of said automobile, in order to avert a head-in collision with defendant's said truck, attempted to go around it to the left, at which time defendant, his servant, agent or employee, upon discovering that he was operating his truck on

the extreme left hand side of the road, suddenly and abruptly cut to the right and collided with the car in which said L. L. Fears was riding; that said act of defendant, his servant, agents or employees, in operating his said truck on the left hand side of the road, when within less than 50 ft. from the car in which the said L. L. Fears was riding, and in running into said car, was an affirmative act of negligence constituting an active trespass, which affirmative act of negligence was committed in Nacogdoches County, as aforesaid, and as specifically plead in plaintiff's original petition, a copy of which has been heretofore served on defendant, and asked to be considered as a part hereof as if copied herein."

 Appellee properly invoked subdivision 9 of article 1995, R. S. 1925. It provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The final test, in ascertaining what constitutes a trespass, within the meaning of the statute, is that, in order to constitute a trespass, through negligence, the act complained of must be an affirmative one rather than a mere omission to perform a duty. Vaught v. Jones (Tex. Com. App.) 17 S.W.(2d) 779: Herrin v. Lowe (Tex. Civ. App.) 60 S.W.(2d) 1071. We think that appellee's petition fully meets this test, and alleges affirmative acts of active wrongful negligence sufficient to give venue to the district court of Nacogdoches County. Campbell v. Wylie (Tex. Civ. App.) 212 S. W. 980.

██ Appellant seems to ignore this phase of the contention, and rests his appeal on one proposition, to wit: "Where the negligent acts were committed, not by the principal, but by an agent, and where such negligent acts are relied upon to maintain venue in a county other than the county of defendant's residence, if such negligent acts are in violation of the law, defendant cannot be held unless it affirmatively appears that he, defendant, acted in person and not by his agents."

We do not think the principle of law invoked by appellant is involved. As we construe appellee's petition and controverting affidavit, the allegations that the acts of negligence alleged were in violation of the laws of the state were made for the purpose of alleging that the acts alleged amounted to negligence per se, for, if the acts were negligent and in violation of law, they were such negligence. The "Law of the Road," article 801, P. C., among other things, provides that the driver or operator of any vehicle upon any public highway, wherever practicable, shall travel upon the right-hand side of such highway. Both appellee's petition and her controverting affidavit alleged that appel-

lant's truck, at the time of the collision, was being driven and was traveling on the left-hand side of the highway, and so continued until within some 50 feet of the automobile which it was approaching and with which it collided, and, when the driver of the automobile sought to avoid a head-on collision with the truck by turning to the left to pass the truck, the driver of the truck suddenly turned the truck to the right and ran into and collided with the automobile. If, as alleged, the truck was being operated on the left-hand side of the highway, in violation of a statutory duty, such act was negligence, and, being in violation of law, was negligence per se. Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; Orchin v. Ft. Worth Poultry & Egg Co. (Tex. Civ. App.) 43 S.W.(2d) 308; Dixie Motor Coach Corp. v. Galvan (Tex. Civ. App.) 56 S.W.(2d) 268; Stone v. Kerr (Tex. Civ. App.) 62 S.W. (2d) 357; Scott v. Carlos (Tex. Civ. App.) 13 S.W.(2d) 957. In any event, appellee's petition alleged facts which, under the decisions, amounted to trespass within the meaning of subdivision 9 of article 1995, and thus showed venue in the district court of Nacogdoches county to hear and determine the case.

The judgment is affirmed.