## McDANIEL v. WOODARD.
### No. 1260.

Court of Civil Appeals of Texas. Eastland.
April 20, 1934.

R. H. Ratliff, of Colorado, Tex., for appellant.

Thompson & Barber, of Colorado, Tex., for appellee.

LESLIE, Justice.

This is an appeal from the order of the trial court overruling the defendant's plea of privilege. The plaintiff, F. H. Woodard, filed the original suit in Mitchell county against the defendant, Fowler E. McDaniel, a resident of Hale county, to recover damages accruing to him by reason of personal injuries inflicted on him through and by the alleged negligence of the defendant's agent. The defendant filed his plea of privilege to be sued in Hale county, and the plaintiff duly controverted the plea, seeking to maintain venue in Mitchell county under exception 9 to the general venue statute. Article 1995, R. S. 1925.

■ In the petition and the controverting affidavit, the plaintiff charges that the defendant's agent, acting in the course of his employment, and while transacting the defendant's business, recklessly, carelessly, and negligently drove the defendant's truck off of the graveled or main traveled portion of the public highway onto and against the plaintiff while he was walking along the side of the road some distance from the graveled or main part of the same. The injury is alleged to have been inflicted in Mitchell county, Tex., in daylight and in an open place where plaintiff was in plain view of the driver of the truck. The driver is charged with different acts of negligence which it is unnecessary to set out in this opinion. Suffice it to say the alleged acts, if true, constitute active negligence and a trespass within the terms of said exception, and as that provision is construed in the following authorities: Campbell v. Wylie (Tex. Civ. App.) 212 S. W. 980; First National Bank of Jacksonville v. Childs (Tex. Civ. App.) 231 S. W. 807, 809; Pounds et al. v. Marler et al. (Tex. Civ. App.) 50 S.W. (2d) 382; American Fidelity & Casualty Co. v. Windham (Tex. Civ. App.) 59 S.W. (2d) 259; Vaught et al. v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800; Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515; Old v. Clark (Tex. Civ. App.) 271 S. W. 183.

There is no statement of facts in the record, but the court's findings of fact and conclusions of law are before us. Pertinent portions thereof are as follows:

"1. On or about the 17th day of January, 1933, during the daytime, F. H. Woodard was walking along the public highway, in the community of Hyman, Mitchell County, Texas. F. H. Woodard was walking in a westwardly direction from two to four feet off of, and to the south and/or left of the graveled portion of the highway. Said highway has a graveled road bed of the width of about twelve (12) to fourteen (14) feet.

"2. When at the same time, a servant or agent of the Defendant, Fowler E. McDaniel, acting in the course of his employment, and while transacting the defendant's business, approached from the East, driving Defendant's truck along said highway, and negli-

gently ran into Plaintiff, F. H. Woodard, with said truck and injured him.

"3. I further find that plaintiff, F. H. Woodard, was walking on the south and to the left of the graveled portion of the highway, and was entirely off of the gravel at the time he was struck by Defendant's truck."

Under the authorities, these findings are conclusive on the plaintiff's right to prosecute the suit in Mitchell county, Tex. It is unimportant whether the driver of the truck committed a crime or not; his acts did constitute a trespass within the exception. The first assignment is overruled.

The contention that the trial court erred in not making "full and complete" findings of fact and conclusions of law must be overruled, since there is no statement of facts in the record by which the correctness of the contention may be tested or ascertained.

The controverting affidavit meets the requirements of law, and the contention that it is "defective" is overruled.

For the reasons assigned, the judgment of the trial court is affirmed.