## BARNES v. MORO.
### No. 1533.

Court of Civil Appeals of Texas. Waco.
Nov. 22, 1934.

832

Bartlett, Carter & Rice, of Marlin, for appellant.

R. C. Fuller, W. M. Short, Robt. C. Pepper, and James E. Whitmore, all of Fort Worth, for appellee.

GALLAGHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, Mrs. Martha Moro, a widow, instituted this suit in the district court of Robertson county against appellant, Quincy Barnes, for the recovery of damages for personal injuries alleged to have been suffered by her as the result of a collision between the automobile in which she was riding and a truck owned by appellant and operated by his employee in said county. Appellant resides in Falls county, Tex. He duly filed a plea of privilege to be sued in the county of his residence. Appellee filed a controverting affidavit, in which she alleged that appellant and his said agent were guilty of a violation of law and of affirmative acts of negligence in operating a truck weighing approximately two tons on a public highway at a speed of thirty-five miles per hour; in operating the same upon the left-hand side of the road, and in driving and propelling the same into the car in which appellee was riding; that same constituted an unlawful trespass and occurred in Robertson county, in which such suit was pending. She further specifically alleged that the court had jurisdiction of her suit to recover damages for such collision under subdivision 9 of article 1995 of our Revised Civil Statutes, which provides, in substance, that a suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed.

The testimony introduced at the hearing showed, in substance, that appellant owned said truck; that it weighed one and a half tons and was loaded with cotton; that it was being operated at the time by appellant's agent in a southerly direction upon the highway; that said agent suddenly turned or swerved said truck to his left and into the car in which appellee was riding; that said car was then being operated in a northerly direction on the opposite side of the road from said truck, with the outside wheels on the shoulder, in an attempt to avoid being struck thereby. The testimony further showed that said collision occurred in Robertson county and that appellee sustained damages as a result thereof.

Opinion.

Appellant contends that in order to maintain venue in the county in which a suit for damages for trespass is pending, when such venue is challenged by a proper plea of privilege, the plaintiff must allege and prove affirmatively that such trespass was committed by the defendant in person, or that he instigated, participated in, or ratified the acts of his agent in committing the same. Our Supreme Court has held that the word "trespass," as used in the subdivision of our venue statute here under consideration, was intended to embrace actions for such injuries as result from wrongful acts, either willfully or negligently committed, as distinguished from such injuries as result from a mere omission to do a duty. Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 26, 16 S. W. 645; Austin v. Cameron & Co., 83 Tex. 351, 353, 18 S. W. 437; Wettermark v. Campbell, 93 Tex. 517, 523, 56 S. W. 331; Hill v. Kimball, 76 Tex. 210, 215, 216, 13 S. W. 59, 7 L. R. A. 618. See, also, Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162, 163, pars. 1 and 2, and authorities there cited; Frnka v. Beaumert (Tex. Civ. App.) 290 S. W. 808, 809; 26 R. C. L. p. 756, § 2; 63 C. J., p. 888 et seq., §§ 4 to 7, inclusive. So where an injury is inflicted upon the person or property of another by an affirmative act wrongfully or negligently committed, such act constitutes a trespass, notwithstanding it may also constitute a crime. Winn v. Schramm (Tex. Civ. App.) 39 S.W.(2d) 645, par. 4. A party is liable under the law for damages for a trespass committed by his employee acting within the scope of his employment, notwithstanding he did not instigate, participate in, or ratify the same. Burnett v. Oechsner, 92 Tex. 588, 50 S. W. 562, 71 Am. St. Rep. 880; 29 Tex. Jur., p. 412, § 242, and authorities there cited. In such cases the employer and the employee are joint tortfeasors and jointly liable for the damages resulting from such wrongful or negligent acts of the employee. Sproles v. Copeland (Tex. Civ. App.) 67 S.W.(2d) 1076, 1077, par. 4, and authorities there cited. An employer may therefore be sued either alone or jointly with his employee for damages for injuries resulting from a trespass by his employee in the county in which such trespass was committed. Campbell v. Wylie (Tex. Civ. App.) 212 S. W. 980 (writ refused); Carver Bros. v. Merrett (Tex. Civ. App.) 184 S. W. 741, 744, pars. 1 and 3 (writ refused); Winslow v. Gentry (Tex. Civ. App.) 154 S. W. 260, par. 1.

Appellee's allegations and the testimony submitted by her thereunder were sufficient to support a finding that the act of appellant's employee in driving and propelling the truck which he was operating into the car in which she was riding, and thereby injuring her, constituted a trespass committed in said county, and appellant's plea of privilege was properly overruled. Claer v. Oliver (Tex. Civ. App.) 62 S.W.(2d) 354; Stone v. Kerr (Tex. Civ. App.) 62 S.W.(2d) 357, 358, par. 1; Schuller v. Fears (Tex. Civ. App.) 67 S.W.(2d) 343, 345; McDaniel v. Woodard (Tex. Civ. App.) 70 S.W.(2d) 765, par. 1; Murray v. Oliver (Tex. Civ. App.) 61 S.W.(2d) 534, 535; American Fidelity & Casualty Co. v. Windham (Tex. Civ. App.) 59 S.W.(2d) 259, 261, pars. 2 and 3; Adkins v. Essler (Tex. Civ. App.) 38 S.W.(2d) 411, 413, par. 4; Herrin v. Lowe (Tex. Civ. App.) 60 S.W.(2d) 1071, 1072, pars. 1 and 2; Fidelity Union Casualty Co. v. Borden (Tex. Civ. App.) 60 S.W.(2d) 465, 466, par. 4; Scott v. Carlos (Tex. Civ. App.) 13 S.W.(2d) 957; Vaught v. Jones (Tex. Com. App.) 17 S.W.(2d) 779. In the last case cited the attention of the court at a later day was called to the fact that the appeal was from an interlocutory order and that the Supreme Court was without jurisdiction to review the action of the court in overruling the plea of privilege. The writ of error was thereupon dismissed (Tex. Com. App.) 20 S.W.(2d) 758.

The action of the trial court in overruling appellant's plea of privilege is affirmed.