## COLEMAN et al. v. WHITE.

### No. 2943.

Court of Civil Appeals of Texas. Beaumont.
May 23, 1936.

Rehearing Denied July 1, 1936.

King, Wood & Morrow and Newton Gresham, all of Houston, for appellants.

Barron Phillips, Percy E. Foreman, and A. H. Krichamer, all of Houston, and Pitts & Liles, of Conroe, for appellee.

O'QUINN, Justice.

Sue White brought this suit against Joe Coleman and Ben Coleman, alleged to be a partnership doing business under the name of Coleman Brothers, and against Lloyds of America, alleged to be an insurance corporation, as defendants, for damages for personal injuries alleged to have been sustained by her when an automobile in which she was riding ran into the rear of a truck alleged to belong to the defendants Joe Coleman and Ben Coleman. The defendant Lloyds of America was thereafter dismissed from the suit, and the Colemans were the only defendants at the time of the hearing on their pleas of privilege.

Substantially and briefly appellee alleged in her petition that appellants were operating a motor carrier business on the highways of Texas under the name of Coleman Brothers; that on about June 12, 1933, she was riding in a southerly direction in an

automobile being driven by Fay West along state highway No. 75; that said automobile, a Chevrolet coupé, while traveling on the highway in Montgomery county, Tex., ran into the rear end of a truck belonging to appellants and then and there being operated by one of their agents and employees; that said collision occurred at about midnight, and that as a result of said collision she suffered personal injuries; that the truck in question was traveling in the same direction as was the car in which she was riding, and that said truck was then and there being operated without any lights, either front or rear.

Appellants in due time filed a joint plea of privilege to be sued in the county of their residence, which they alleged to be Dallas county, Tex.

Appellee filed her controverting affidavit setting up several exceptions to the venue statute as being applicable, and referred to and made her petition a part of her controverting affidavit. On hearing of the plea of privilege the contest narrowed down to and the evidence supporting the controverting affidavit was based upon subdivision 9 of article 1995, R.S.1925, alleging a trespass committed by appellants in Montgomery county, in that appellants were then and there negligently operating said truck on and over a state highway in the nighttime without any lights, in violation of the laws of the state of Texas, which caused the collision and injury of appellee.

That the truck, at the time of the collision, belonged to appellants, and was being operated by one of their agents and employees in the course of his employment, was admitted. The evidence shows that appellee was riding in an automobile on state highway No. 75 in Montgomery county, Tex., at or about midnight, June 12, 1933; that appellants' truck was traveling along said highway in the same direction as appellee at said time, and it had neither front nor rear lights burning; that the automobile in which appellee was riding ran into the rear of said truck causing the personal injuries of which she complained. Appellants, in the submission of the case, admitted that it was negligence to operate the truck along the highway in the nighttime without lights, but contends that it was not such negligence as amounted to trespass under the law. Its contention, in other words, is that its negligence in so operating the truck was but passive, and that for negligence to support venue as for trespass the negligent act must have been active and not passive.

We think the court properly sustained venue in Montgomery county. Operating a truck on and over a state highway at night without lights is a violation of the penal laws of the state, and therefore negligence per se. The agent of appellants was operating the truck, driving it at the time of the collision on and over the highway, at night and without lights. The act was not accidental but on purpose, hence knowingly, intentionally, and carelessly done in violation of law, and in disregard of the safety of the public, and therefore willful. 68 C.J. § 3, p. 268. It was an affirmative act of negligence, intentionally done; and so not passive but active, and was such an act as amounted to trespass within the venue statute.

The judgment is affirmed.