### ALLAN v. GARZA.

### No. 11601.

Court of Civil Appeals of Texas.
San Antonio.

May 22, 1946.

Kent, Brown & George, of Harlingen, for appellant.

Sam G. Reams and J. W. Wilson, both of Falfurrias, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. The trespass clause of exception 9 of Article 1995, Vernon's Ann.Civ.Stats., is involved.

From the evidence the trial judge, sitting without a jury, could have made the following findings which, in view of the judgment, we must presume he did make:

1. The appellant, R. A. Allan, was driving a truck traveling north over Highway No. 281, between Raschal and Encino in Brooks County, Texas, when he ran into Andres Garza, the appellee, who was on foot.

2. At the point of collision, the traveling portion of Highway No. 281 was a concrete slab approximately twenty feet in width. On each side of the slab there was an asphalt strip running along the traveling portion of the highway, which was about eighteen inches in width.

3. Garza immediately prior to the collision was standing or walking along the east shoulder of the road on or near the asphalt strip.

4. Allan drove his truck off the concrete traveling portion of the highway onto the asphalt strip, struck and injured Garza.

The evidence authorizes the conclusion that Allan's act in driving his truck onto the asphalt strip of the shoulder was an affirmative act of negligence under the circumstances of the case. In Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W. 2d 817, we held that one who drove an automotive vehicle to the left of the center line of a highway was guilty of active negligence. We think it follows that one who drives an automobile or truck off to the right of the traveling portion of a highway and injures someone is guilty of active negligence.

We are also of the opinion that under the evidence, the trial court was authorized to conclude that the active negligence of

Allan was the proximate cause of Garza's injuries.

Perceiving no reversible error, the trial court's order will be affirmed.