## SUTHERLAND v. COTTER.
### No. 12018.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 7, 1949.

Rehearing Denied Jan. 4, 1950.

Lloyd & Lloyd, Alice, for appellant.

Perkins & Floyd, Alice, Carmel F. Davis, Alice, for appellee.

NORVELL, Justice.

This is an appeal from an order sustaining a plea of privilege. The trespass clause of Exception 9, Article 1995 is involved.

The appellant, G. W. Sutherland, Sr., brought suit against Chester Cotter for damages resulting from Cotter's truck hav-

ing collided with the rear end of Sutherland's automobile. It is undisputed that the collision occurred in Jim Wells County; that Cotter resides in Atascosa County; and that the driver of the truck at the time of the collision was acting within the scope of his employment.

Appellant contends that the evidence conclusively shows that a trespass was committed in Jim Wells County.

We agree with this contention. The only witness who actually testified was the appellant. He testified that between eight and nine o'clock of the morning of January 20, 1947, he was driving in a northerly direction on Highway 281. The pavement was wet with rain or dew. He was travelling about twenty miles an hour and started to veer off the paved section of the highway on to the shoulder when appellee's truck loaded with cattle hit his car from behind. Appellant testified that "It was done in a flash. I had turned half the distance of the car. He would have hit me that quick anyway, if I had not turned my car. He was right on me." The impact "buckled up the hind part of the car and knocked everything out of the trunk on the ground." It rolled the car fifty feet or so until appellant stopped the car on the gravel shoulder.

The parties stipulated that a man named Rhodes, if present, would testify that he saw appellant's car and appellee's truck on the highway shortly before the collision and that the truck was following the car so closely that he thought at first the car was towing or pulling the truck.

Appellant's testimony was such as could have been easily contradicted if untrue and, insofar as the record discloses, Rhodes was wholly disinterested in the outcome of the case.

■ Contributory negligence, if any, on the part of appellant is not a venue fact. Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894, and the evidence will not support the theory that the collision was the result of an "unavoidable accident," nor a finding that appellant's actions constituted the sole proximate cause of the collision. Page v. Paterson, Tex.Civ.App., 180 S.W.2d 660.

We think the undisputed evidence shows, as a matter of law, that appellee's driver was negligent in driving the car too close to appellant's car and such negligence was the proximate cause of the collision. Martin v. Cable, supra; Mueller v. Bobbitt, Tex.Civ. App., 41 S.W.2d 466; Rankin v. Nash Texas Company, Tex.Civ.App., 73 S.W.2d 680; Id., Sup.Ct., affirmed in pt., reversed in pt., 129 Tex. 396, 105 S.W.2d 195.

■ This collision took place before the Uniform Act Regulating Traffic on Highways became effective, Acts 1947, 50th Leg., p. 967, Ch. 421, Art. 6701d, Vernon's Ann.Civ.Stats., but, as pointed out by this Court in Caraway v. Behrendt, Tex.Civ. App., 224 S.W.2d 512.

Article 6701d, § 61(a), constitutes a reiteration in the form of a penal provision of a rule of tort liability long recognized by the courts of the State.

Said Article 6701d, § 61(a) reads as follows:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

Cases which arise in the future involving the driving of a motor vehicle too close to a preceding one will be controlled by the "crime or offense" provision of Exception 9 of Article 1995, but, insofar as this case is concerned, it is necessary to decide whether or not the action of appellee's driver in following appellant's car too closely constituted an affirmative act of negligence as distinguished from a mere omission.

■ Upon this particular point the opinion of the Waco Court in Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098, 1099, is in accordance with appellant's position here and is supported by a wealth of authorities. We quote therefrom:

"In this case the negligence charged against appellant was active and personal. He was operating the car which overtook and collided with the motorcycle on which appellee was riding. Appellee by his testimony affirmatively exculpated himself from any act contributing to the accident.

A person exercising ordinary care in the operation of a car on a public highway does not ordinarily overtake and collide with another vehicle traveling on the proper side of the road and at a reasonable speed. Such an unusual accident, in the very nature of things, suggests negligence. Appellee's allegations and proof showed more than a mere collision and resulting injury. They showed the character of the accident and such circumstances attending the same as to justify an inference of negligence on the part of appellant. Texas & N. O. Ry. Co. v. Crowder, 63 Tex. 502, 503 et seq.; McCray v. Galveston H. & S. A. Ry. Co., 89 Tex. 168, 169 et seq., 34 S.W. 95, and authorities there cited; Fort Worth & D. C. Ry. Co. v. Stalcup, Tex.Civ.App., 167 S.W. 279, 282, par. 1 (writ refused); St. Louis, S. F. & T. Ry. Co. v. Cason, 59 Tex.Civ.App. 323, 129 S.W. 394, 396 et seq.; 45 C.J., p. 1196, § 769, and p. 1200, § 771.

"The negligent operation of a car resulting in striking and injuring the person or property of another constitutes a trespass. Frnka v. Beaumert, supra [Tex.Civ.App., 290 S.W. 808]; Claer v. Oliver, Tex.Civ. App., 62 S.W.2d 354; Stone v. Kerr, Tex. Civ.App., 62 S.W.2d 357, 358, par. 1; Schuller v. Fears, Tex.Civ.App., 67 S.W. 2d 343, 345; McDaniel v. Woodard, Tex. Civ.App., 70 S.W.2d 765, par. 1; Murray v. Oliver, Tex.Civ.App., 61 S.W.2d 534, 535; American Fidelity & Casualty Co. v. Windham, Tex.Civ.App., 59 S.W.2d 259, 261, pars. 2 and 3; Adkins v. Essler, Tex. Civ.App., 38 S.W.2d 411, 413, par. 4; Herrin v. Lowe, Tex.Civ.App., 60 S.W.2d 1071, 1072, pars. 1 and 2; Fidelity Union Casualty Co. v. Borden, Tex.Civ.App., 60 S.W.2d 465, 466, par. 4; Scott v. Carlos, Tex.Civ. App., 13 S.W.2d 957; Vaught v. Jones, Tex.Com.App., 17 S.W.2d 779."

Edwards v. Hawkins has been cited many times with apparent approval by other Courts of Civil Appeals and the Supreme Court. See Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374.

█ The wrongful act here involved was the driving of the cattle truck too close to appellant's car. This is an affirmative act and is so pleaded in the petition. It does not become a mere omission by reason of the fact that it may also be described in terms of a failure to do something. It could be said that appellee's servant failed to keep the truck a sufficient distance back of appellant's car. Similarly, the act of driving too fast could be described as a failure to slow down. Driving on the left-hand side of the highway could be described as a failure to drive on the right-hand side of the highway. Yet it can not now be said that either of these actions, excessive speed or driving on the wrong side of the road, constitutes mere passive negligence. Excessive speed is active negligence. Martin v. Turnbow, Tex.Civ.App., 96 S.W.2d 730; Stroud v. Smith, Tex.Civ.App., 119 S.W.2d 894; Martin v. Cable, Tex.Civ. App., 140 S.W.2d 894; Stovall v. Whatley, Tex.Civ.App., 183 S.W.2d 672. Driving on wrong side of highway is active negligence. Hamilton v. Perry, Tex.Civ.App., 85 S.W.2d 846; Straus-Bodenheimer Co. v. Marshall, Tex.Civ.App., 91 S.W.2d 865; Younger Bros., Inc. v. Power, Tex.Civ. App., 92 S.W.2d 1147, 1150, in which it was said that, "As appellant was actively operating its truck at the time of the collision, the act of negligence constituted a trespass." Heard & Heard, Inc., v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817; Foster v. Gainesville Bus Lines, Tex.Civ.App., 187 S.W.2d 144. In Lay v. Gould, Tex.Civ. App., 82 S.W.2d 1081, and McCulloch v. Withers, Tex.Civ.App., 131 S.W.2d 252, both elements of excessive speed and driving on the wrong side of the road were involved. See also, Coleman v. White, Tex. Civ.App., 95 S.W.2d 1018; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709; Allan v. Garza, Tex.Civ.App., 194 S.W.2d 814; J. Q. Smith, "Trespass, Crime and Other Offenses, a Venue Exception," 1 Baylor Law Review 340; 2 Texas Jurisprudence Ten Year Supplement, Title, "Automobiles" p. 202, where it is said, with abundant citation of authorities, that:

"§ 228. Mode of Operation of Vehicle. —The action is maintainable in the county in which the collision occurred where the petition bases a right of recovery on the mode of operation of the defendant's ve-

hicle, whereby the car or truck collided with a pedestrian, or another vehicle, or a building.

"Injury or damage caused by the active operation of the vehicle is deemed to have been caused by a 'trespass'."

 Numerous additional authorities might be cited, but we believe that the above are sufficient to demonstrate that the driving of a car too close to a preceding one, as held in Edwards v. Hawkins, is similar to driving a car at an excessive rate of speed, or on the wrong side of the road, and constitutes active negligence and a "trespass."

The order appealed from is reversed and the cause remanded to the district court with instructions to overrule appellee's plea of privilege.

BROETER, J., not participating.