**B. F. CUMMINGS, Appellant,**

**v.**

**Frank Y. VAN VALIN, Appellee.**

**No. 4026.**

Court of Civil Appeals of Texas.

Waco.

Nov. 29, 1962.

Rehearing Denied Dec. 20, 1962.

Riley, Jones, Boyd & Lovelace, Douglas Boyd, Waco, for appellant.

Haley, Koehne, Fulbright & Winniford, W. C. Haley, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment in favor of plaintiff, upon a jury verdict, in a rear end collision case. Plaintiff brought this suit for personal injuries sustained as a result of defendant's car being driven into the rear end of plaintiff's car when plaintiff's car was stopped behind a line of traffic stopped at an intersection red light stop sign. Trial was to a jury which, in answer to Special Issues, found:

1) Defendant was following plaintiff too closely.

2) Such was negligence.

3) Such was a proximate cause of plaintiff's injuries and damages.

4) Defendant failed to stop his automobile in response to the red signal light.

5) Such failure was negligence.

6) Such was a proximate cause of plaintiff's injuries and damages.

7) Defendant failed to keep a proper lookout.

8) Such was negligence.

9) Such was a proximate cause of plaintiff's injuries and damages.

10) Defendant's act of driving his automobile into the rear of plaintiff's automobile was negligence.

11) Such was a proximate cause of plaintiff's injuries and damages.

12) Sets plaintiff's damages (for physical pain and mental anguish, future pain and mental anguish, loss of earnings, and medical expenses) at $4000.

13) Defendant was not acting under a sudden emergency. (After issues acquit plaintiff of contributory negligence and find that the occurrence was not the result of an unavoidable accident).

The Trial Court entered judgment for plaintiff upon the verdict.

Defendant appeals, contending:

1) The Trial Court erred in submitting Issues 4, 5, 6, 10, and 11, since they constitute a comment on the weight of the evidence, and make the facts of the accident itself a ground of recovery.

2) The Trial Court erred in permitting plaintiff to testify as to medical treatment received in California, and expenses for same; and in permitting Dr. Gassler (of Texas) to testify as to the reasonableness of the California medical expenses.

3) The Trial Court erred in permitting plaintiff to testify as to his earnings and the expenses of his business, when the books of the business would have been the best evidence.

4) The Trial Court erred in not granting a mistrial when plaintiff's attorney asked defendant if it were not a fact that he received a traffic ticket as a result of the accident.

5) The Trial Court erred in refusing to submit defendant's requested issues inquiring whether the condition of the street and weather constituted the "sole cause" of the accident.

■ We revert to defendant's 1st contention. Defendant contends issues 4, 5, 6, 10 and 11 constitute comments upon the weight of the evidence, and make the facts of the accident itself grounds of recovery. Defendant ran into the rear of plaintiff's automobile when it had stopped behind a line of traffic at an intersection stop signal.

Defendant testified that there was nothing to prevent his seeing plaintiff's car from the time he got behind him up to the time of the collision; and that he really has no explanation of exactly how the accident happened except that his judgment was bad on bringing his car to a stop. Under such circumstances we think the very act which inflicts the injury may be negligence. See: Edwards v. Hawkins, Tex.Civ.App. (n.w.h.) 77 S.W.2d 1098; Sutherland v. Cotter, Tex.Civ.App. (n.w.h.) 226 S.W.2d 476.

We think the issues proper under the facts of this case, but in any event other issues, uncomplained of, are adequate to support the judgment.

■ Defendant's 2nd contention complains of the Trial Court's permitting plaintiff to testify as to medical treatment he received in California and expenses for same; and in permitting Dr. Gassler (of Texas) to testify as to the reasonableness of the California medical expenses. The foregoing presents no error. Plaintiff testified only to facts that he knew to be true and which were facts within plaintiff's own knowledge. Dr. Gassler testified that with his knowledge of plaintiff's condition, if plaintiff was treated by Dr. McPherson, an orthopedic surgeon in San Diego, California, some 4 or 5 times; and went to Scripps Clinic for physical therapy treatments 6 or 7 times in San Diego, California, that a charge of $52.00 would be a reasonable charge. See: 23 Tex.Jur.2d p. 630.

■ Defendant's 3rd contention is that the Trial Court erred in permitting plaintiff to testify as to the earnings and expenses of his business, when the books of the business would have been the best evidence. Plaintiff testified that the business was his and that he handled it entirely and that he knew its earnings and expenses and what such were. No error is presented.

■ Defendant's 4th contention complains of the refusal of the Trial Court in not granting a mistrial when plaintiff's attorney asked defendant if he received a traffic ticket as a result of the accident. Plaintiff's attorney asked the complained of question. Defendant's attorney objected and moved for a mistrial. The Trial Court overruled the motion for mistrial but instructed the jury not to consider the question. The defendant never answered the question. We think the error, if any, was cured by the instruction of the Trial Court. See: Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277. The complained of matter in any event, under the record as a whole, could not and did not cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

■ Defendant's 5th contention is that the Trial Court erred in not submitting requested issues inquiring whether the condition of the street and weather constituted the "sole cause" of the accident. Defendant collided into the rear end of plaintiff's car while plaintiff was stopped behind a line of traffic at an intersection stop signal light. The jury found that defendant was guilty of several acts of negligence proximately causing the collision, including the failure of defendant to keep a proper lookout. As noted, defendant testified he saw plaintiff stopping in front of him in a normal stop for a red light, and that he started to stop but used bad judgment in stopping in the space available; and that there was nothing to prevent his seeing plaintiff's car continuously from the time he got behind it, up to the time of the collision. Under the record, the issue was not raised.

All of defendant's points and the contentions thereunder made are overruled. The judgment is affirmed.