P. B. HUNT ET AL. v. G. N. HARDIN ET AL.

Delivered July 3, 1896.

**1. Venue in Action of Trespass.**

A suit against a United States marshal and his official sureties for his wrongful seizure and sale of property under an execution, being based upon a trespass, may be maintained in the county where the trespass was committed, though the defendants all reside in other counties.

**2. Jurisdiction—Suit for Wrongful Levy Under Federal Process.**

Where the damages claimed for the wrongful seizure of property under an execution issued out of the United States Circuit Court were laid in plaintiff's petition at $1016, a motion to remove the case to such Circuit Court was properly denied, as it did not have jurisdiction over a controversy for that amount.

**3. Fraud Against Creditors—Simulated Transfer.**

In an action by H. for the wrongful seizure of his property under an execution against C., it appeared that H. and C. were brothers-in-law; that C. was insolvent and transferred the property, worth $1000, to H. in settlement of a debt of $350 or less, and with the avowed purpose of placing it beyond the reach of his creditors. Held, that a verdict in favor of H. for $500 should be set aside.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE.

*Cobb & Avery*, for appellants.

*Craddock & Looney*, for appellees.

[The briefs of counsel in this case did not reach the Reporter.]

FINLEY, ASSOCIATE JUSTICE.—The statement of the nature and result of the suit as made by appellants in their brief is not objected to, and is as follows:

This was a suit by G. N. Hardin against P. B. Hunt, United States marshal for the Northern District of Texas, and the other appellants, sureties on his official bond, filed in the District Court of Hunt County, November 28, 1893, to recover $1016, the alleged value of certain horses, mules, cattle, etc., alleged to have been owned by said Hardin, and to have been seized by said marshal under an execution issued from the United States Circuit Court for the Northern District of Texas, at Dallas, in favor of W. W. Avery, and against J. H. Cooke and others, and alleged to have been afterward sold under said execution and converted by said marshal—all of which was done in Hunt County.

(1) Defendants filed a plea to the jurisdiction, on the ground that they did not reside in Hunt County, etc.

(2) They filed a petition and bond for the removal of the case to the United States Circuit Court, which was overruled, and they reserved a bill of exceptions.

(3) They filed an amended answer, consisting of: (1) A special exception to the jurisdiction, on the ground of non-residence in Hunt

County, which was overruled and they excepted; (2) a plea to the jurisdiction, on the ground that the real amount in controversy was less than $500, and that the property for which plaintiff was entitled to recover was worth less than $500, and that he had fraudulently alleged his damages at more than $500 to give the District Court jurisdiction, etc.; (3) a general exception and special exceptions, to the effect that the property was not sufficiently described in the petition, which were overruled, and they excepted; (4) a general denial and a special answer, that plaintiffs acquired the property from J. H. Cooke in fraud of his creditors, etc.

The case was tried before a jury, who gave a verdict for $500 and interest, and judgment thereon was rendered for plaintiff. G. N. Hardin then died, and the other appellees were allowed to make themselves parties plaintiff as heirs. Motion for new trial being overruled, appeal was perfected by defendants to this court.

*Opinion.*—There are quite a number of assignments of error presented in the brief of appellants. Under the view we take of the case, it will only be necessary to consider a few of the questions of material importance.

1. The plea to the jurisdiction of the court, on the ground that the appellants did not reside in Hunt County, was properly overruled. The suit is based upon a trespass committed in Hunt County, and the venue properly obtained in Hunt County.

2. The motion to remove the case to the United States Court, upon the ground that the property was seized under an execution issued out of the Federal Court, was properly refused by the court. The amount of the damages for the wrongful seizure of the property was laid in the petition at $1016, and the United States Circuit Court did not have jurisdiction of the controversy involving this sum. In re Pennsylvania Co., 137 U. S., 451.

3. The court did not err in overruling the exceptions to the petition. The petition sufficiently alleged that the property was taken from the possession of the plaintiff; and the property was sufficiently described to put the defendants upon notice of what they were called upon to meet on the trial.

4. The court erred in not granting a new trial. The evidence of the plaintiff himself showed that the bulk of the property seized under execution, for the value of which he sued to recover, was transferred to him by J. H. Cooke. According to his own testimony, all of the property except a sufficient amount to be of $327 in value was so transferred to him by said Cooke. At the time of this transfer and long anterior thereto Cooke was insolvent, owed a large amount of indebtedness, and there were a number of judgments against him, and these facts were well known to the plaintiff at and before the time of the transfer of the stock—horses, cattle, etc., to him. The transfer to him by Cooke was made just before, and in anticipation of, the seizure of

said stock under the execution. The evidence showed that Cooke applied to several persons to claim different portions of his property to aid him in covering up and concealing it to prevent seizure under execution by his creditors. That he was trying to make such transfers for the purpose of defrauding his creditors, is conclusively shown by the record. The amount of the property conveyed to the plaintiff by Cooke, according to plaintiff's own testimony, was of the approximate value of $1000. According to plaintiff's testimony, the transfer of the property to him was made for the purpose of satisfying a debt due to him by Cooke, which debt did not amount to more than $350. Indeed, the testimony is quite unsatisfactory as to the amount of such indebtedness; but, giving the most liberal interpretation to plaintiff's testimony, such indebtedness did not exceed that sum. Plaintiff was the brother-in-law of Cooke, lived with him at the time of the seizure of his property; the property was not actually delivered into plaintiff's possession, and the evidence shows that the transfer of the property to plaintiff was intended to serve the purpose of Cooke to put it out of the way of his creditors. The execution under which the stock were seized was against J. H. Cooke. The value of the property conveyed to plaintiff, upon his own estimate of value, so far exceeded the amount of Cooke's indebtedness to him as to show conclusively, to our minds, that the transaction was a fraud upon Cooke's creditors. Edwards v. Dickson, 66 Texas, 613; Black v. Vaughan, 70 Texas, 47.

The amount of the property conveyed by Cooke to plaintiff, and which is sued for here, exceeds the amount of the verdict in this case; and the evidence as to the remainder of the property sued for which was not obtained from Cooke, is not of such character as would justify us in allowing a remittitur of any portions of the judgment to cure the error committed by the trial court.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*