## VILBIG MOTOR FREIGHT LINES, Inc., v. JENNESS.

### No. 7527.

Court of Civil Appeals of Texas. Austin.

Nov. 12, 1930.

Rehearing Denied Dec. 10, 1930.

Collins & Houston, of Dallas, for appellant.

Crager & Dickey, of Ballinger, for appellee.

BAUGH, J.

This appeal is from an order overruling appellant's plea of privilege to be sued in Dallas county. Suit arose out of a collision between an automobile in which appellee was riding with a truck belonging to appellant while being operated on a highway in Runnels county.

Appellant's plea of privilege was duly controverted, under the statute, and after a hearing thereon the plea was overruled. Venue was laid in Runnels county, under section 23, of article 1995, R. S. 1925. Proof was duly made of the collision in Runnels county, but there was no proof that appellant was a corporation as alleged in the appellee's petition and in his controverting plea. The trial court found that the appellant was a corporation. It is the appellee's contention that, having alleged that the appellant was a corporation, unless that fact were expressly denied under oath, as provided by article 2010, R. S. 1925, he was not required to introduce any proof on that issue. No proof was offered at the hearing upon the plea that appellant was a corporation.

The rule that when a plea of privilege is filed which complies with requirements of art. 2007, R. S. 1925, the defendant is entitled to have the case transferred to the county of his residence, unless the plaintiff both pleaded and proved facts essential to maintain venue in the county where the suit was filed, is now too well settled to require citation of authorities. Nor do the pleadings of the plaintiff nor his controverting affidavit taken alone constitute any proof of the facts therein alleged. Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899.

Facts essential to fix venue in Runnels county were: (1) That the cause of action or a part thereof arose in that county; (2) that the defendant was a corporation. While the finding of the trial court that appellant was a corporation is without evidence to sustain it, the appeal bond filed by it clearly discloses that appellant is a corporation, recites itself to be such, and prosecutes this appeal in its capacity as a corporation. This we think is tantamount to an admission in this court that the appellant was in fact a corporation. It is therefore obvious that the venue in the case was properly laid in Runnels county. We decline to reverse a case for failure of appellee to prove a fact in the trial court which appellant effectually admits in this court to be true. It becomes unnecessary, therefore, for us to pass upon the question of whether the failure of the appellant to specifically deny under oath that it was a corporation relieved the appellee of any necessity to make proof of that fact.

Our former opinion filed herein reversing and remanding the case, with instructions, is withdrawn, and this opinion is substituted therefor.

The judgment of the trial court is affirmed.

Affirmed.