## AMERICAN ASPHALT CO. v. O'REAR.
### No. 2510.

Court of Civil Appeals of Texas. El Paso.
March 19, 1931.

Leachman, Gardere & Bailey, of Dallas (E. R. Smith and Kemp & Nagle, all of El Paso, of counsel), for appellant.

J. B. Cotten, of Crane, Gary & Davenport, of Wink, and Clyde E. Thomas, of Big Spring, for appellee.

PELPHREY, C. J.

This is an appeal from an order overruling a plea of privilege. Appellee sued appellant for damages for the death of his wife and personal injuries sustained by himself when an automobile in which he and his wife were riding turned over on the highway leading from Kermit to Monahans, Tex., which highway appellant was constructing at the time of the accident. Appellant, a corporation, with its principal office and place of business in the city of Dallas, Tex., filed its plea of privilege to be sued in Dallas county, Tex.

Appellee duly filed his controverting affidavit, asserting that his cause of action, or at least a material part of it, arose in Winkler county, and that, by virtue of subdivision 23 of article 1995, the suit was maintainable in Winkler county.

After hearing the evidence of two witnesses, both introduced by appellee, the court overruled the plea of privilege.

### Opinion.

The grounds upon which appellant seeks reversal are: (1) That the cause of action asserted, being based upon a trespass, is controlled by subdivision 9 of the venue statute rather than by subdivision 23, and, appellee having failed in his controverting affidavit to invoke subdivision 9, its plea should have been sustained; (2) that venue cannot be maintained against a corporation for trespass under subdivision 23; (3) that a cause of action alleging facts constituting a trespass because of a failure to discharge duties owed to plaintiff cannot be maintained against a corporation under subdivision 23; (4) that, in actions of trespass where the evidence shows the acts complained of to be acts of omission

rather than of commission, the venue should be changed to the residence of the corporation; and (5) that, appellee having failed to establish a prima facie cause of action against appellant, its plea should have been sustained.

Appellee asserts that, he having proved the corporate entity of appellant and the location of the cause of action in Winkler county, the plea was properly overruled, and that, the evidence being sufficient to show the cause of action arose in Winkler county, the court did not err.

The first position taken by appellant is, in our opinion, unsound.

 The right to hold the venue in Winkler county did not depend upon what particular subdivision of the statute controlled but upon the facts alleged and proved, Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369, and the fact that appellee has pleaded that the venue was controlled by subdivision 23 would not prevent the venue from being retained in Winkler county if the allegations and facts were sufficient to show that it came within any of the exceptions.

"The pleading of appellee that the case fell within that particular subdivision was a mere conclusion of the pleader, and would not control. Smith v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147; Sims v. Trinity Farm Const. Co. (Tex. Civ. App.) 28 S.W.(2d) 856.

The contention that venue cannot be maintained against a corporation for trespass under subdivision 9 appears to be contrary to the holding of the Commission of Appeals in Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S. W. 593.

 We agree with appellant that "trespass," as used in subdivision 9, does not include a trespass arising from acts of omission, but, in view of the conclusion that we have reached, a decision on that point is unnecessary. Subdivision 23 provides that suits against corporations may be brought in the county where the cause of action, or any part thereof, arises. There is no reason for holding that a cause of action for trespass would not be included, and the Commission of Appeals in Lakeside Irr. Co. v. Markham Irr. Co., supra, held that subdivision 23 would apply in a case of trespass. In fact, in that case it was held that the venue might depend on several of the subdivisions in the same case and that allegation and proof sufficient to bring the case within any of them would be sufficient to hold the venue.

We have concluded that, if appellee has a cause of action against appellant, it being a corporation, and if that cause of action arose in Winkler county, whether from affirmative acts of negligence or merely from acts of omission, the venue of his suit would properly be in Winkler county.

 The remaining question is whether the evidence introduced is sufficient to show a prima facie cause of action.

There seems to be no question as to the allegations in appellee's petition and controverting affidavit; therefore, if they are sustained by the evidence, the plea of privilege was properly overruled.

Appellee introduced two witnesses: Mr. Ralston, night watchman for appellant, and himself.

Appellee testified that the car in which he was riding was not running to exceed thirty miles per hour at the time of the accident; that he was looking ahead; that his eyesight was good; that there was nothing to obstruct his view; that the lights on the car in which he was riding were good; and that he did not see any light on the barricade.

The witness Ralston testified that there was a light on the barricade, and that it was burning at the time of the accident.

Appellant now contends that appellee, having introduced the witness as his witness, vouched for his credibility, and that his positive evidence that there was a light burning establishes that fact, and that therefore the court was not at liberty to base a finding that there was no light burning on the barricade on appellee's negative testimony that he saw none.

The testimony of appellant was sufficient, though negative in character, to support a finding that there was no light burning on the barricade. International & G. N. R. Co. v. Dalwigh, 92 Tex. 655, 51 S. W. 500; Chicago, R. I. & G. R. Co. v. Johnson (Tex. Civ. App.) 224 S. W. 277.

In the case at bar, the testimony of appellee could have been no stronger, if he had testified positively that there was no light burning. He could have based such a statement only on the fact that his eyesight was good, that there was nothing to obstruct his view, that he was looking in the direction where the light should have been, and that he saw none.

The court was not bound to accept the testimony of Ralston as true, and evidently chose to accept the testimony of appellee. The witnesses were before him, and he could much better judge of their credibility than this court could possibly do.

We are of the opinion that the evidence was sufficient to show that the cause of action arose in Winkler county, and, it being admitted that appellant is a corporation, the court committed no reversible error in overruling the plea of privilege.

The judgment is affirmed.