## ROBBINS v. McFADDEN et al.
### No. 4048.

Court of Civil Appeals of Texas. Amarillo.

June 7, 1933.

Bryan, Cosby, Suhr & Bering, of Houston, for appellant.

P. H. Long, of San Antonio, for appellees.

HALL, Chief Justice.

Appellees, W. D. McFadden and wife, for themselves and as next friends for their minor children, filed this suit against the appellant Robbins, alleging that, while riding in an automobile on San Pedro avenue in San Antonio, they were injured by reason of a collision of said automobile with one driven by Robbins; that at such time Robbins was operating his car at a negligent rate of speed, and failed to keep a proper lookout for plaintiffs. They prayed for damages for personal injuries.

Robbins filed a plea of privilege, setting up the fact that at the time of the filing of the plea, as well as at the time of the suit, he was a resident of Harris county; that no exception to exclusive venue in the county of one's residence provided by law exists in the case.

The appellees thereupon demurred to the plea of privilege, and alleged that the acts complained of in their original petition constituted a trespass within the meaning of subdivision 9 of article 1995 of the Revised Statutes.

The court overruled the defendant's plea of privilege, and the case is before us upon the single proposition that the action of the court was error, in that no testimony was

introduced by the plaintiffs to sustain their answer controverting the plea.

There is no statement of facts and no findings of fact, and it seems to be conceded that no testimony was introduced. Appellees relied upon the fact that appellant's counsel, in open court, made an admission which relieved them of the necessity of introducing evidence. The admission is recited in the court's judgment, as follows: " * * * And thereupon counsel for defendant presented to the court his plea of privilege filed in this cause and stated to the court that this suit arose out of a collision between an automobile driven by plaintiff and an automobile driven by the defendant at or near the intersection of San Pedro Avenue and Evergreen Street in the City of San Antonio, Bexar County, Texas."

■ Of course, it is never necessary to prove facts admitted by the opposite party. As stated in 5 Tex. Jur. 453: "Admissions of counsel made in open court on the trial of a cause for the purpose of dispensing with the introduction of testimony or mutual concessions made as a scheme of trial, are binding on clients and when acted on are irrevocable and can not be set aside except for fraud, accident or mistake."

■ In proceedings seeking a change of venue, where the action is brought under subdivision 9 of the statute, it is necessary for the plaintiff to introduce sufficient testimony to make out at least a prima facie case of injuries and sustain the other allegations entitling them to maintain the suit in the county where it is filed. Jones et ux. v. Womack-Henning & Rollins, Inc. (Tex. Civ. App.) 53 S.W.(2d) 635; Universal Transport & Distributing Co. v. Ramos (Tex. Civ. App.) 47 S.W.(2d) 857; Conner v. Manning (Tex. Civ. App.) 54 S.W.(2d) 249.

■ It was not admitted by counsel that plaintiff or their children were injured or that their automobile was damaged to any extent. It was not admitted that the defendant was driving at an unlawful rate of speed or was carelessly managing his car, was driving on the wrong side of the street, or doing anything else which would serve as a basis for an action of trespass to either the persons or property of the plaintiffs.

■ We do not hold that it was necessary for the plaintiffs to show the amount of damages which resulted to them, but at least there must be a prima facie case shown of injury. Geary v. Word (Tex. Civ. App.) 259 S. W. 309.

For the reasons stated, the judgment is reversed, and the cause remanded, with instructions to order the case transferred to the proper court of Harris county.

Reversed and remanded, with instructions.