**LAY et al. v. GOULD.**

No. 4419.

Court of Civil Appeals of Texas. Amarillo.

May 6, 1935.

Bradley & Wilson, of Lubbock, for appellants.

William H. Burnett, of Amarillo, for appellee.

MARTIN, Justice.

Appellee sued appellants in Swisher county for the wrongful death of his wife.

Appellants timely filed their plea of privilege to be sued in Dickens county, admittedly their residence. To this, appellee replied by controverting affidavit, claiming venue in Swisher county under article 1995, subd. 9, R. S. 1925, and alleging that appellants had committed a crime, offense, and trespass in said county, resulting in the death of his wife. Upon a hearing, the court overruled appellants' said plea.

We have concluded that appellee properly pleaded and sufficiently proved the commission of an active trespass in Swisher county by appellants, as distinguished from a mere passive one, which proximately caused the death of appellee's wife, and a demonstration of the correctness of this conclusion sufficiently answers all of appellants' propositions without consuming space in their repetition.

Appellee's controverting affidavit incorporated his original petition by reference, as a part thereof. This he may do. Citizens' State Bank v. Alexander (Tex. Civ. App.) 274 S. W. 184; First Nat. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Paxton v. First State Bank of Tatum (Tex. Civ. App.) 42 S.W.(2d) 837.

These instruments construed together allege in substance that appellants drove a loaded truck on the left or wrong side of a public highway, at a speed of about 60 miles per hour, against a car in which appellee's wife was riding as a guest, and which car was on the right side of such highway, causing injuries to her resulting in death. It is not necessary to decide whether or not a crime was committed. The evidence clearly raised an issue that a trespass was committed, as that term is used in said article 1995, subd. 9, R. S. 1925; Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800; Barnes v. Moro (Tex. Civ. App.) 76 S.W.(2d) 831, and numerous authorities there collated. There is a conflict in the testimony, but that for appellee supports the implied finding of the trial judge that appellants' truck was propelled against the said car, while traveling on the wrong side of a public road, at an unlawful rate of speed.

Appellee pleaded his damages, aggregating $15,995, in great detail. His petition clearly showed jurisdiction of the district court. He did not specifically prove any damages further than what might be implied from proof of the death of his wife. The issue before the court being one of venue only, we are of the opinion that a prima facie case was made out, without proof in detail of any precise amount of damages, it appearing affirmatively that the district court had jurisdiction. Robbins v. McFadden (Tex. Civ. App.) 61 S.W.(2d) 1032.

The judgment is affirmed.