862

**BROOKS v. BRADFORD.**

No. 12152.

Court of Civil Appeals of Texas. Dallas.

March 13, 1937.

H. M. Wade, of Rockwall, for appellant.

Herbert I. Fruhman, of Dallas, for appellee.

JONES, Chief Justice.

Appellee, C. D. Bradford, instituted suit in the county court of Dallas county at law No. 2 against W. H. Brooks, appellant, to recover both actual and exemplary damages for the negligent injuries to an automobile truck owned by appellee, in a collision with another truck owned by appellant. The collision occurred in Dallas county. Appellant resides in Rockwall county, and appellee resides in Dallas county.

Appellant seasonably filed a plea of privilege in statutory form, to be sued in Rockwall county, the county of his residence. Appellee duly filed a controverting affidavit and on the issues thus joined, the plea of privilege was passed upon in said court and overruled. Appellant duly excepted and has perfected an appeal to this court.

The bill of exception reserved to the ruling of the court shows that no evidence was introduced by appellant, but that an agreement was entered into that a collision occurred between the truck owned by appellee and the truck owned by appellant, in Dallas county.

The petition shows that appellee alleged a trespass was committed upon him, in that, the collision resulted from the active negligence of appellant, and hence the allegations in the petition show a cause of action under exception 9 to the general venue law, article 1995, R.S., which reads: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." Appellee, in his petition, alleged at least three acts of active negligence on the part of appellant as being the proximate cause of the collision, and also specifically alleged the damages resulting from the collision. The allegations of such acts of negligence do not tend to prove the truth of such allegations, and it is the settled law of this state that a suit brought under this exception to the general venue statute, in order to sustain the venue in a county other than the residence of a defendant, proof of such active negligence must be made; that is, sufficient proof to make a prima facie case of active negligence. This, appellee failed to do, and the court was without any evidence to sustain venue in Dallas county against venue in Rock-

wall county, the county of appellant's residence. Robbins v. McFadden et al. (Tex. Civ.App.) 61 S.W.(2d) 1032; Jones et ux. v. Womack-Henning & Rollins, Inc. (Tex. Civ.App.) 53 S.W.(2d) 635; Universal Transport & Distributing Co. v. Ramos (Tex.Civ.App.) 47 S.W.(2d) 857; Conner v. Manning (Tex.Civ.App.) 54 S. W.(2d) 249.

The admission that there was a collision in Dallas county cannot be construed to mean that appellant brought about such collision by his active or affirmative negligence. Under the record presented to this court, this cause must be reversed and remanded, with instructions to the trial court to transfer the case to the county court of Rockwall county, and it is so ordered.

Reversed and remanded with instructions.