## NATIONAL HOTEL CO. v. GWALTNEY.
### No. 5377.

Court of Civil Appeals of Texas.
Texarkana.
April 6, 1939.

366

Wynne & Wynne and Henry H. Harbour, all of Longview, and Frank S. Anderson, of Galveston, for appellant.

Hurst, Leak & Burke, of Longview, and Slay & Simon and Gerald W. Greathouse, all of Fort Worth, for appellee.

JOHNSON, Chief Justice.

This appeal is from an order of the trial court (1) overruling appellant's motion to strike appellee's controverting plea and (2) overruling appellant's plea of privilege to be sued in Galveston County, the county of its domicile.

On April 23, 1934, appellee, W. T. Gwaltney, as plaintiff filed suit against the Texas Hotel Company of Longview, a Corporation. On February 18, 1936, plaintiff filed his second amended original petition, making the National Hotel Company, a corporation, a party defendant. Plaintiff's amended petition seeks to recover damage for injuries claimed to have been sustained by plaintiff as a result of alleged negligence on the part of defendants while plaintiff was a guest for hire of defendants in the Longview Hotel at Longview, Texas, on March 29, 1934, when said hotel was destroyed by fire. Citation was issued on said amended petition and served on defendant National Hotel Company, commanding it to appear and answer in the 7th District Court of Gregg County at Longview on the first Monday in June, 1936, same being the 1st day of June, 1936. On March 7, 1936, before appearance day, said defendant filed its sworn plea of privilege to be sued in the county of its domicile, Galveston County. The plea alleges that this defendant was not at the time of the institution of the suit, nor at the time of service of process thereon, nor at the time

of filing such plea, a resident of Gregg County, Texas, the county in which the suit was instituted; that this defendant is a corporation with its offices and place of business in Galveston, Galveston County, Texas; and that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause"; and in all respects the plea conforms to the provisions of Revised Statutes, Article 2007. On April 16, 1937, plaintiff filed a demurrer and special exception to the plea of privilege. The exception is in effect a statement of the grounds upon which the demurrer is based. Subject to the demurrer, plaintiff on the same date, April 16, 1937, filed his sworn controverting plea contesting the plea of privilege. The controverting plea incorporates therein plaintiff's amended petition, the allegations of which show that plaintiff's suit comes within exception 23 of Article 1995, which provides: "Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose * * *." Hearing of the pleas was set down for June 21, 1937, at which time the defendant filed its motion to strike plaintiff's controverting plea, for the reason that it had not been filed within five days after appearance day, the time provided by Article 2007. The judgment of the court recites that defendant's motion to strike was heard and overruled, "Whereupon the court proceeded to hearing upon said plea of privilege and controverting affidavit, and having heard the evidence and argument of counsel thereon is of the opinion that the plea of privilege of said defendant, filed by it on the 7th day of March, 1936, should be, and the same is hereby in all things overruled. * * *" To all of which defendant duly excepted and gave notice of appeal, and has perfected its appeal to this court. No evidence was introduced in support of plaintiff's controverting plea and it is so conceded by appellee.

Appellant contends, in substance, that the trial court erred (1) in overruling its motion to strike appellee's controverting plea, because it was filed too late; and that the trial court erred (2) in overruling its plea of privilege in the absence of any evidence in support of the controverting plea.

Appellee makes the following contention: "Appellee respectfully states the order appealed from sustains his demurrer and exception to appellant's plea of

privilege and properly retains venue in Gregg County by virtue of that exception to the venue statute contained in Subdivision 23 of Article 1995. If this is error, and the court still having jurisdiction of the subject matter of venue, then the cause must be remanded for a full hearing on the disputed fact issues of (1) whether good cause existed for delay in filing the controverting affidavit and (2) whether a cause for venue in Gregg County can be proved under the controverting affidavit." The judgment of the trial court does not mention, or show any ruling upon, appellee's demurrer or special exception. The general rule is that where the record fails to show any ruling upon a demurrer, it must be regarded as having been waived, and may not be urged upon appeal, unless the plea against which the demurrer is directed presents a question of fundamental error. 3 Tex.Jur. 231, Sec. 153. But since no evidence was introduced in support of appellee's controverting plea there does not appear any grounds for the judgment of the trial court overruling the plea of privilege, unless it be that of having sustained the demurrer thereto. So, for the purpose of deciding appellee's contention, we shall review the question of whether the plea of privilege was subject to the demurrer, to determine whether the judgment may be supported upon that ground. The demurrer attacks the plea of privilege as being insufficient to require an answer, in that it (1) "wholly fails to state any reason why the venue of this cause is not properly in Gregg County, and (2) because the matters of venue upon which this cause is predicated in Gregg County, Texas, are fully set forth in plaintiff's second amended original petition filed February 18, 1936, wherein a cause of action is alleged to have accrued in Gregg County, Texas, as against said defendant, a corporation, and said plea of privilege does not sufficiently negative the said matters of venue. * * *" The contention is not sustained. A plea of privilege, as here filed, complying in all respects with the requirements of R.S. Article 2007, is not subject to the objections raised in appellee's demurrer. In Vilbig Motor Freight Lines v. Jenness, Tex.Civ.App., 34 S.W.2d 684, it is said: "The rule that when a plea of privilege is filed which complies with requirements of art. 2007, R.S.1925, the defendant is entitled to have the case transferred to the county of his residence, unless the plaintiff both pleaded and prov-

ed facts essential to maintain venue in the county where the suit was filed, is now too well settled to require citation of authorities. Nor do the pleadings of the plaintiff nor his controverting affidavit taken alone constitute any proof of the facts therein alleged." In Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677, 680, Justice Sharp reaffirmed the rule in the following language: "It is now the established rule that when a defendant files a plea of privilege in conformity with article 2007 of the Revised Civil Statutes, the burden is placed upon the plaintiff to file a controverting affidavit and produce evidence to overcome the prima facie case made by defendant in his plea of privilege."

Appellee further asserts, in substance, that since his petition alleges a cause of action, a part of which is alleged to have arisen in Gregg County, against appellant, a corporation; and since the plea of privilege admitted the fact that appellant was a corporation; and since the destruction of the Longview Hotel by fire was a fact so generally known in Gregg County, the county in which the suit was filed, that the trial court could take judicial knowledge of it; and since the burning of the hotel constituted a part of his cause of action; therefore, it is contended, the matter was thus resolved to a question of law, showing venue was properly in Gregg County, under exception 23 to Article 1995. In support of his contention appellee cites Vilbig Motor Freight Co., Inc. v. Jenness, supra; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W. 2d 675; United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099. The authorities do not support the contention. Appellee's proposition, among other things, overlooks the fact that the burden is on him to prove that his *cause of action* or a part of his *cause of action* arose in Gregg County. "A cause of action, within the meaning of such statutes [Art. 1995], has been said to consist of a duty on the part of one toward another and the violation or breach of that duty, or of plaintiff's primary right and the act or omission of defendant. It may consist of one or more essential facts which plaintiff must show to make out his case and which may be severable. It arises when that is not done which ought to have been done; or that is done which ought not to have been done." Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676. Therefore, should it be assumed that the destruction of the Longview Hotel by fire was a fact of which the trial court could take judicial knowledge, there is no proof that such fact constitutes a part of any *cause of action*. Standing alone, the isolated fact that the Longview Hotel was destroyed by fire is not of itself evidence that such fact is any part of a cause of action, or is in any way connected with a cause of action in favor of appellee against appellant. The contention is overruled.

Appellee further contends that should it be held—which we have held—that the plea of privilege was not subject to demurrer, then the judgment of the trial court should be reversed and remanded for further hearing on the question of "good cause" on the part of appellee for failing to file his controverting plea within the time prescribed by Article 2007. It appears upon the hearing of appellant's motion to strike appellee's controverting plea that the facts were fully developed with respect to appellee's reasons for the delay in filing the controverting plea. On the one hand, appellant showed that appellee had delayed filing his controverting plea for 10 months and 15 days subsequent to appearance day of the term of court to which appellant was cited to appear, during which time that term of court and three additional terms of court had passed. Appellee's attorney, Mr. G. W. Greathouse, testified as to the reasons for the delay in filing the controverting plea. The substance of his testimony is that he did not know of the filing of the plea of privilege, and that he had not been notified of its filing by the attorneys for the appellant, and that he had not been notified of its filing by the clerk of the court. He did not claim that there was any agreement on the part of the attorneys or the clerk to notify him or that he had requested either of them to do so. The law imposed no duty on the clerk of the court or the opposing counsel to notify appellee or his attorney of the filing of the plea of privilege. It is the duty of the plaintiff's attorney to ascertain that fact, or exercise reasonable diligence to do so. In this case he had not made any search or inquiry, or any other effort, to ascertain if such a plea had been filed until shortly before filing the controverting plea. Failure to file the controverting plea within the time prescrib-

ed by Article 2007 does not deprive the trial court of jurisdiction of the subject matter of venue, and for "good cause" shown the controverting plea may be permitted to be filed at a later date. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W. 2d 978, and many subsequent cases following that authority. But the testimony here shows no good cause for the delayed filing of the controverting plea. Appellee's attorney prosecuting the case having testified to his reasons for the delayed filing of the controverting plea and such reasons constituting no good cause, we would not be warranted in reversing and remanding the cause for further hearing on that issue.

The judgment of the trial court will in all respects be reversed and the cause remanded with instructions that the cause be transferred to the District Court of Galveston County, the county of appellant's domicile.