**DALLAS–CELINA–SHERMAN BUS LINES, Inc., v. COUNTS.**

**No. 13572.**

Court of Civil Appeals of Texas. Dallas.

Oct. 20, 1944.

Rehearing Denied Nov. 17, 1944.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

A. F. Nossaman, of Sherman, for appellee.

LOONEY, Justice.

R. C. Counts sued the Dallas-Celina-Sherman Bus Lines, Inc., to recover damages for personal injuries alleged to have been sustained by plaintiff in a collision between a bus, owned and negligently operated by the defendant, and a motorcycle upon which plaintiff was riding at the time. The defendant urged a plea of privilege to be sued in Dallas County, where its principal office was located, and specifically denied that it was a corporation, as alleged. The plea was duly contested by plaintiff, who by reference adopted all allegations of his original petition as part of the controverting plea. After hearing plaintiff's evidence, which was not rebutted, the court overruled the plea, to which defendant excepted, gave notice of and perfected this appeal.

We deem it appropriate at this point to state that the issue presented by the sworn denial that defendant was a corporation as alleged, was eliminated by a stipulation of the record to the effect that for the benefit of the hearing the defendant would be considered as a corporation.

■ We think plaintiff's allegations and proof brought the case under exceptions, numbers 9 and 23, to the general rule announced in Art. 1995, R.C.S., Vernon's Ann.Civ.St. Art. 1995, subds. 9, 23. Plaintiff alleged and his evidence established, at least prima facie, that the accident complained of resulted from the active rather than passive negligence of the driver of defendant's bus, hence a trespass within the meaning of exception 9. This doctrine has been announced in any number of similar cases, as shown in Prince v. Miller, Tex. Civ.App., 131 S.W.2d 1077, 1078, and authorities there cited. Besides, we think venue of the court below is maintainable under exception 23 to the general rule, in that plaintiff established indisputably that the alleged cause of action arose in Grayson County and that defendant maintained an agency and representative in that county.

■ The only points of error urged by the defendant are that the court erred in overruling the plea of privilege, (1) because the evidence failed to establish that it owned and operated the bus with which plaintiff's vehicle collided, and (2) because the driver of the bus was not made a party to the suit, there being no local defendant in the case. It is obvious, we think, that these points of error simply raise issues that may be determined under proper pleas when the case is tried on its merits. The only issues on the present hearing involve venue facts. The doctrine applicable to such a situation was announced in 43 T.J., pages 844, 845, Sec. 109, as follows: "The plea of privilege places in issue only the 'venue facts'—that is, the facts alleged to constitute one or more of the exceptions to the general rule of venue. Nothing else is put in issue; all other matters are to be determined under other pleas or upon trial to the merits. Neither the language of R. S. art. 1995 nor that of art. 2007 [Vernon's Ann.Civ.St. arts. 1995, 2007], contemplates that on the hearing on a plea of privilege any matters shall be tried other than such as are necessary to determine whether the defendant is suable in the county where the suit is filed."

We find no reversible error in the action of the court below; therefore its judgment is affirmed.

Affirmed.