**STEPHENS v. COPPOCK.**

No. 13934.

Court of Civil Appeals of Texas. Dallas.

June 25, 1948.

D. A. Frank and D. A. Frank Jr., both of Dallas, for appellant.

Tyson, Dawson & Dawson, of Corsicana, for appellee.

BOND, Chief Justice.

This is an appeal from a judgment sustaining defendant's plea of privilege. The only point at issue is the sufficiency of plaintiff's evidence to sustain a trespass, active negligence, to confer venue of the suit in Dallas County under exception (9) to the Venue Statute, Art. 1995, Vernon's Ann.Civ.St. Art. 1995, which provides: "A suit based upon a * * * trespass may be brought in the county where such * * * trespass was committed * * *."

 The allegations in plaintiff's petition merely evidence the nature of the suit, such do not tend to prove the truth of such allegations; and, since the holding of our Supreme Court in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 94, uniformly adhered to by all courts of this State, it is the settled law that, in order to sustain venue in a county other than the residence of a defendant under the above exception to the statute, proof of active negligence must be made by a preponderance of the evidence "in the usual way, which means that the defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence." Prima facie proof of such active negligence, as in all cases where prima facie rule of evidence applies, will sustain venue facts where such evidence is not disputed or contradicted. Brooks v. Bradford, Tex.Civ.App., 103 S.W.2d 862; Dallas-Celina-Sherman Bus Lines v. Counts, Tex.Civ.App., 183 S.W.2d 1017; otherwise, the quantum of proof is for the determination of the court as the trier of the facts.

In the case at bar the testimony of plaintiff is to the effect that defendant had committed acts of trespass by negligently driving his autombile upon the left-hand side of the highway with reference to the direction he was going, at an unlawful rate of speed, causing the collision with plaintiff's automobile going in the opposite direction, and that such trespass occurred in Dallas County, Texas. The testimony of the defendant, supported by another witness, contradicted the testimony of the plaintiff, to the effect that he was not driving his automobile on the left-hand side of the highway at an unlawful speed, that the collision was caused by no fault of his, but was attributable to plaintiff's own negligence. The court found the fact issue in favor of the defendant, sustained his plea of privilege, and transferred the venue of the cause to Navarro County, Texas.

We have carefully reviewed the record, finding no error in the action of the trial court; the judgment is affirmed.