**KOONCE et al. v. SCHWARZ et al.**

No. 12273.

Court of Civil Appeals of Texas.
Galveston.

March 8, 1951.

Rehearing Denied April 19, 1951.

Joe E. Kelly, Victoria, for appellants.

Sample & Bell and Thomas R. Bell, Edna, for appellees.

GRAVES, Justice.

This appeal is from the order of the District Court of Jackson County, Texas, overruling appellants' Pleas of Privilege. Suit herein is for damages. The appellants, Roger Koonce, Carl D. Huntington, and South Texas Rendering Company, a corporation, timely filed their Pleas of Privilege to be sued in the county of their residence, Victoria County, Texas, and their respective answers, subject to such pleas, in answer to the appellees' Original Petition, filed in the District Court of Jackson County.

In the main suit, appellees alleged that on or about the 24th day of February, 1950, appellant Roger Koonce, being the servant of South Texas Rendering Company, a corporation, drove a truck belonging to the South Texas Rendering Company in and onto the property of J. M. Hutcheson, located on Highway No. 111, at or near and just inside the city limits of Edna, for the purpose of picking up offal from the premises of J. M. Hutcheson.

Appellees alleged that Hutcheson's premises were enclosed with a fence, with entrance thereto by a gate; further, that appellant Roger Koonce, driving a South Texas Rendering Company truck, entered the Hutcheson premises, opened this gate, but failed to close same behind him, and, during his presence on the Hutcheson premises a horse or horses belonging to J. M. Hutcheson, Jr., were allowed to escape from the Hutcheson property onto Highway No. 111; and that, subsequent thereto, the appellees were traveling on Highway No. 111, but failed to see the horse or horses thereon, striking one of the animals, which resulted in personal injuries to appellee Ruth Lee Schwarz, and property-damage to the appellees.

Roger Koonce had permission to enter upon the premises of J. M. Hutcheson, and gather up the offal.

Appellees filed their controverting affidavits to appellants' Pleas of Privilege, setting up, in addition to all the pleadings recited, allegations to the effect that the District Court of Jackson County acquired jurisdiction of the appellants herein under exceptions provided under Revised Civil Statutes Article 1995, of Texas, especially Sections Nos. 9, 23, and 29, Vernon's Ann. Civ.St. art. 1995, subds. 9, 23, 29a.

There is no controversy over the fact that the domiciles of appellants, Roger Koonce, Carl D. Huntington, and South

Texas Rendering Company, were in Victoria County, Texas.

Appellees also answered that their driver, Fred G. Schwarz, was operating their automobile in a safe and prudent manner, when suddenly, without warning, it was run into by one of the escaped horses.

Appellants state five points-of-error, the substance of which may be thus restated:

The trial court erred in not sustaining the Pleas of Privilege, in that "there is no scintilla of evidence" indicating appellees' cause-of-action to be within exceptions 9 or 23, or 29a, of Revised Civil Statutes Article 1995; the appellees "alleged by their own pleadings negative action on the part of the appellants"; there was no evidence to sustain the finding that appellant, Roger Koonce, the driver of appellant, South Texas Rendering Company's truck, failed to close the gate leading into the pasture where the horses were enclosed, as alleged by the appellees.

None of these contentions, it is determined, should be sustained. It is true that the appellees relied upon Section 9, Crime or trespass; Section 23, Corporations and Associations; and Section 29a, Two or more defendants; and that it was necessary, under the well-settled holdings of our Supreme Court, beginning with Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, for them to fully prove at least one of such grounds for the venue they so laid in Jackson County; but this Court, after close examination of the record, is constrained to hold that they not only proved one, but all three of the grounds so declared upon by them; indeed, with all due deference to the appellants' able brief, the controlling cases they cite and rely upon all seem to have been instances where no crime was committed, no corporation was involved—under similar circumstances to the one here—and the acts relied upon were clearly those of mere omission, rather than of active negligence, as was so alleged and proved by the appellees in this instance.

Contrarily to those so cited and depended upon by the appellants, these authorities relied upon by the appellees clearly embody the rules applicable here, to wit:

Penal Code of the State of Texas, Articles 1352, 1370 and 1370a, Vernon's Ann.P.C. arts. 1352, 1370, 1370a; Saigh v. Laechelin, Tex.Civ.App., 17 S.W.2d 838; Hill v. Kimball, 76 Tex. 210, 13 S.W. 59; Wash v. Buster, Tex.Civ.App., 226 S.W.2d 241; American Asphalt v. O'Rear, Tex.Civ.App., 36 S.W.2d 779; Stanolind Oil & Gas Co. v. Christian, Tex.Civ.App., 64 S.W.2d 363; Stroud v. Pechacek, Tex.Civ.App., 120 S.W. 2d 626; Trinity Universal Ins. Co. v. Woitaske, Tex.Civ.App., 148 S.W.2d 235; Heid Bros. v. Mueller-Huber Grain Co., Tex. Civ.App., 185 S.W.2d 470, 472; Continental Fire & Cas. Ins. Corp. v. Whitlock, Tex.Civ.App., 210 S.W.2d 261, 263; Highway Motor Freight Line v. Slaughter, Tex. Civ.App., 84 S.W.2d 533; Baldwin v. Richardson, 39 Tex.Civ.App. 348, 87 S.W. 353, 354; Sproles v. Copeland, Tex.Civ. App., 67 S.W.2d 1076; Campbell v. Trimble, 75 Tex. 270, 12 S.W. 863; and Hunt v. Hardin, 14 Tex.Civ.App. 285, 36 S.W. 1028.

No extended discussion is thought to be necessary in substantiation of the judgment here appealed from, because, as indicated, the appellees alleged and proved that their driver was operating his car in a prudent manner, when, without warning to, or fault upon his part, his car was run into by the runaway horse. Further, it was alleged, and there was plenty of evidence to sustain the charge, that the "Crime or Trespass", denounced by Penal Code, Article 1352, was fully shown, in that the appellants' driver, Roger Koonce, not only opened the gate when he went into the slaughter-house premises, but that he failed to close it when coming out thereof, and that the horses which got out onto the highway and caused the accident to the appellees got out thereof while the gate was so open; indeed, the testimony of the appellant Koonce himself, taken with that of the witnesses, Andrew Utz, and Otto Hassler, are sufficient to fully support the trial court's implied finding that the gate was so opened and not closed, and that the accident happened in direct consequence thereof.

It would be supererogatory to undertake a demonstration that the acts which must

thus be held to have been committed by the appellants in this instance did not constitute offenses, within the meaning of Penal Code, Articles 1352, 1370, and 1370a, and did not denounce these acts as affirmative violations of another's rights.

These authorities, and many others that might be cited, it is thought, fully sustain the trial court's judgment. Without further discussion, the judgment will be affirmed.

Affirmed.