**GROENDYKE TRANSPORT CO., Inc. et al.**
**v. FREEMAN et ux.**
**No. 6246.**

Court of Civil Appeals of Texas. Amarillo.

Nov. 24, 1952.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (C. A. Stein, Amarillo, of counsel), for appellants.

F. H. Richards, Dalhart, for appellees.

MARTIN, Justice.

The minor daughter of appellees, Clyde Freeman and Gene Freeman, while riding in an automobile with other young people, was killed in a collision between the automobile and a truck owned by appellant, Groendyke Transport Company, Inc., and operated by appellant, Everett Stallings. Appellees filed suit for damages in the District Court of Hartley County, Texas. On a hearing as to venue, the trial court overruled appellants' plea of privilege. The trial court ruled that venue of the cause of action was properly laid in Hartley County under Exception 9, Article 1995, Vernon's Ann.Civ.St., as to appellant, Everett Stallings, and under Exceptions 9 and 27 as to the appellant, Groendyke Transport Company, Inc.

Certain contentions as to appellees' pleadings should be disposed of prior to taking up the essential issues in the cause. The trial court correctly ruled that appellees could file an amended controverting affidavit. Phipps v. Reed, Tex.Civ.App., 219 S.W.2d 561. Appellees stated in their first amended controverting affidavit that they had filed on the "7th day of December, 1951, a petition which reads as follows," and thereafter copied a petition in the affidavit. Although the date of 7th of December, 1951, is actually the date of the filing of appellees' original petition, it is observed that the petition as actually copied into appellees' first amended controverting affidavit is appellees' first amended original petition. In the affidavit verifying the first amended controverting affidavit, appellees correctly describe the petition as copied in their first amended controverting plea as being plaintiffs' first amended petition. Also, appellees pleaded in their controverting affidavit that the allegations of such petition are true and correct. An examination of the amended controverting affidavit reveals the same to be within the

rules prescribed in Spencer v. Gray, Tex. Civ.App., 209 S.W.2d 651, syl. 3, and the same is sufficient.

Under the appellants' points of error in this cause, the issue to be decided here is whether appellees' pleadings and proof support the judgment of the trial court that venue was properly laid in Hartley County under Exception 9, Article 1995, as to appellant, Everett Stallings, and under either Exception 9 or 27 as to appellant, Groendyke Transport Company, Inc.

■ Appellants' first amended controverting affidavit reveals the following allegation under Paragraph 3: "1. The defendant, Groendyke Transport Company, Inc., is a private corporation, incorporated under the laws of the State of Oklahoma, and holding a permit to do business in Texas * * * said corporation is not incorporated under the laws of the State of Texas, and as aforesaid, is doing business within the State of Texas." The petition as copied into the controverting affidavit alleged that the truck involved in the collision was driven by Everett Stallings as agent of and in the scope of his employment by Groendyke Transport Company, Inc., owner of the truck. The pleadings allege that the truck owned by appellant, Groendyke Transport Company, Inc., and operated by appellant Stallings "approached the automobile (the automobile in which appellees' child was riding) on defendant Stallings' left hand side of the highway, the same being in said children's right hand lane of the highway. Chester Dye, operator of the automobile, could not determine where on the highway defendant Everett Stallings was driving until the automobile had reached the crest of said hill. Upon seeing defendants' truck on his right hand side of the highway, Chester Dye attempted to turn the automobile he was driving to his left hand side of the highway to avoid striking defendants' truck. * * * defendant Everett Stallings turned the gasoline transport truck back toward his right hand side of the highway and struck the car driven by Chester Dye near the center of the highway, and demolished the automobile and

thereby inflicted injuries on the said Helen Freeman and thereby killed Helen Freeman." In addition to the allegations hereinabove, the first amended petition, as made a part of the controverting affidavit, alleged that appellant, Everett Stallings, was negligent in the operation of the transport truck in the following respects: "(b) By then and there failing to keep a proper lookout upon said highway at said time and place." Both the petition and the controverting affidavit allege that the transport truck was being operated on a highway in Hartley County, Texas, at the time of the collision. The above allegations, including other details pleaded in relation to the facts, constitute a sufficient pleading to support proof of venue in Hartley County, Texas, under Exceptions 9 and 27, Article 1995, Revised Civil Statutes of the State of Texas.

■ No detailed discussion, or citation of authority, is required as to the well-established principle that appellees were required to plead and prove that Everett Stallings committed an active trespass in Hartley County, Texas, to sustain venue in such county as to said appellant. Since the pleadings were sufficient as hereinabove shown, an examination of the supporting proof reveals the following facts: Shortly after the collision, appellant, Everett Stallings, made a statement to Roger W. Sosebee, a Highway Patrolman. Appellants admit this statement was binding on Stallings. The court on objection correctly excluded such evidence as to appellant, Groendyke Transport Company, Inc. Such statement of Stallings as testified to by Sosebee reveals the following: "He (Stallings) thought they were on his side of the road and he pulled up in the middle of the road and as they came around the little curve it looked like he was going to hit him so he sarted to cut back to his right, when the accident happened. Q. He (Stallings) told you that he was in the middle of the road? A. Yes, sir." The admission of Stallings details facts that practically duplicate appellees' pleadings in the cause. Other evidence detailed hereinafter in regard to the

appellant, Groendyke Transport Company, Inc., further substantiates the admission of Stallings hereinabove shown. The above admission, supported by other evidence in the record, is sufficient to sustain the finding of the trial court that Stallings committed an active trespass in Hartley County, Texas, and supports venue in said county as to said appellant under Exception 9, Article 1995, Vernon's Annotated Texas Civil Statutes; Lay v. Gould, Tex.Civ. App., 82 S.W.2d 1081; Utz v. Michael, Tex.Civ.App., 227 S.W.2d 597, syl. 3; Schuller v. Fears, Tex.Civ.App., 67 S.W.2d 343.

It must be borne in mind that the testimony of Stallings as outlined in the above paragraph, though binding on him personally, was not binding on Groendyke Transport Company, Inc., and that the trial court ruled out such admission in so far as affecting the rights of the appellant corporation as to venue. Venue under Exception 9 as to both appellant, Everett Stallings, and appellant, Groendyke Transport Company, Inc., requires appellees to prove an active trespass was committed in Hartley County, Texas. On this issue numerous pictures were introduced in evidence showing the tracks of the car and the tracks of the truck at the time and place of the collision in Hartley County, Texas. The evidence reveals a hole was gouged out in the pavement at the place of collision. The center of the gouged out place was about one foot west of the center stripe of the highway on the truck's right hand side of the highway. Without detailing the calculations made in the statement of facts, the testimony of Roger Sosebee, a Highway Patrolman, reveals the following facts:

"* * * where would that put the left hand wheel of the tractor? A. East of the center stripe. (Stallings' left hand side of the highway.)

"Q. At the time of the collision? A. Yes, sir."

This testimony, in conjunction with the pictures shown in the record, was sufficient to sustain the trial court's finding that "at the time of and immediately prior to said collision that the truck and trailer were both being operated upon defendant Everett Stallings' left hand side of the highway." The parties stipulated as to the required elements of agency. The findings of the court, supported by evidence and stipulation of the parties, are sufficient to fix venue of the cause in Hartley County as to both appellants under Exception 9. Heard & Heard, Inc. v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817, syl. 4; Lay v. Gould, supra; Utz v. Michael, supra; Dallas-Celina-Sherman Bus Lines v. Counts, Tex.Civ.App., 183 S.W.2d 1017.

The cause will now be examined as to whether venue was properly laid in Hartley County under Exception 27, Article 1995, Vernon's Annotated Civil Statutes. "Corporations, domestic or foreign, with permits to do business in Texas, are suable in any county where 'the cause of action, or a part thereof, arose.'" Lakeside Irr. Co. v. Markham Irr. Co. (Com.App.) 116 Tex. 65, 285 S.W. 593, 597, syl. 4. Facts essential to fix venue in Hartley County under Exception 27 are "(1) That the cause of action or a part thereof arose in that county; (2) that the defendant was a corporation." Vilbig Motor Freight Lines, Inc. v. Jenness, Tex.Civ.App., 34 S.W.2d 684. Further, as to a suit against a corporation, "It follows that where the injury was due either to an affirmative act of negligence or *merely to acts of omission,* the venue may be laid where the cause of action arose." (Emphasis added.) 33 Tex.Jur. p. 91, sec. 60; American Asphalt Co. v. O'Rear, Tex.Civ.App., 36 S.W.2d 779, syl. 4; Vilbig Motor Freight Lines, Inc., v. Jenness, supra.

Under the above rules it is noted that in addition to allegations showing an active trespass that the pleadings also allege that the appellant, Everett Stallings, was negligent in the operation of the transport truck in the following manner, to wit: "(b) By then and there failing to keep a proper lookout upon said highway at said time and place." The evidence

reveals that the collision took place in Hartley County, Texas, and that immediately prior to the collision the automobile in which appellees' child was riding was being driven on its right-hand side of the highway. The testimony of Sosebee, supported by pictures of the tracks of the vehicles, reveals that the truck was driven around a curve in the highway over the center line of the highway while meeting the approaching vehicle in which the child was riding. Such testimony supports the issue that the truck driver was failing to keep a proper lookout or he would not have been driving around a curve in the highway with the left-hand side of his vehicle across the center stripe on the left-hand side of the highway while meeting the approaching car in which appellees' daughter was killed. The testimony of the Highway Patrolman in regard to the vehicle tracks and the pictures in the record are sufficient proof that Stallings failed to keep a proper lookout while operating the truck of appellant, Groendyke Transport Company, Inc., and that such act of omission was negligence which proximately caused the collision in Hartley County and resulting death of appellees' daughter. The evidence, excluding Stallings' admissions, also shows that Stallings committed an active trespass as outlined above. The parties stipulated as to the necessary proof that appellant, Groendyke Transport Company, Inc., was a foreign corporation doing business in the State of Texas. Since the evidence reveals that the cause of action arose in Hartley County, Texas, and that the appellant, Groendyke Transport Company, Inc., was a corporation, venue was properly laid in Hartley County under Exception 27, Article 1995, as well as under Exception 9. American Asphalt Co. v. O'Rear, supra, 36 S.W.2d 779, syl. 4; Lakeside Irr. Co. v. Markham Irr. Co., supra, 285 S.W.2d 593, syl. 4; Vilbig Motor Freight Lines v. Jenness, supra; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533.

Appellees' points of error are overruled, and the judgment of the trial court is affirmed.