## W. H. WADDELL v. J. J. WILLIAMS.

It is competent in this State for a creditor to proceed, in the same suit, to establish his claim against his debtor's administrator, and also to cancel a fraudulent conveyance made by the debtor,—the administrator and the fraudulent grantee being joined as defendants. Such a suit is not demurrable for multifariousness or for misjoinder of defendants.

APPEAL from Titus. Tried below before the Hon. J. D. McAdoo.

The opinion gives the allegations of the petition. The exceptions assigned both multifariousness and misjoinder of defendants.

*H. F. O'Neal* and *John Penman*, for the appellant, cited Story's Eq. Pleading, Section 271, and 1 Daniel's Ch. Practice, 384, and note 1.

*Culberson*, for the appellee, cited Ward *v.* Mackenzie, 33 Texas, 298, and Birdwell *v.* Butler, 13 Texas, 338.

OGDEN, J. Suit in this case was originally instituted by the appellee against Henry Waddell, on three several promissory notes, and an attachment was sued out against the property of defendant, the plaintiff alleging that the defendant had attempted to fraudulently convey his property to one William H. Waddell, for the purpose of defrauding his creditors. The attachment was subsequently quashed on motion of William H. Waddell, who had been made a party defendant. The original defendant having died, the suit was prosecuted against his administrator and William H. Waddell.

In an amended petition it was alleged that Henry Waddell, during his lifetime, being then in debt, had made a fraudulent transfer of certain lands to his son William H., for the purpose of defrauding his creditors. And that William H. Waddell, with a full knowledge of the fraudulent purpose of his father, had pretended to purchase the land, paying for the same (if indeed he paid any sum) a grossly inadequate consideration: and further, if said sale should be permitted to stand, then the estate of said Henry Waddell would thereby become wholly insolvent, and the plaintiff would lose his debt. And he prayed for a judgment against the administrator of Henry Waddell, deceased, and for a decree declaring the sale of the described lands to William H. Waddell fraudulent, null, and void, and that the same be subjected to the payment of plaintiff's debt and costs. The defendants demurred and excepted to the petition for multifariousness; which were overruled by the court, and a judgment was rendered for the plaintiff, and the defendant has sued out a writ of error, and has assigned the rulings of the court on the demurrer and exceptions as error. We think there was no error in the ruling of the court, and the judgment is affirmed.

Affirmed.