**MULLINS et al. v. McDOWELL et al.**
No. 5662.

Court of Civil Appeals of Texas. Texarkana.
July 11, 1940.

Rehearing Denied July 18, 1940.

700

Malone, Lipscomb, White & Seay, of Dallas, and Sam Williams, of Mt. Pleasant, for appellants.

T. J. Ramey, of Sulphur Springs, and Hiram G. Brown, of Mt. Pleasant, for appellees.

JOHNSON, Chief Justice.

This is an appeal from a judgment of the trial court sustaining pleas of privilege. Appellants, Mr. and Mrs. D. N. Mullins and United States Fidelity & Guaranty Company, residents of Dallas County, Texas, filed this suit February 25, 1938, in the District Court of Titus County against Phil T. Henley and W. L. McDowell, residents of Hopkins County, Texas, to recover damages sustained on account of the death of Jasper N. Mullins, a son of Mr. and Mrs. D. N. Mullins. Plaintiffs alleged that Jasper N. Mullins was killed in an automobile collision in August, 1937, in Titus County, as the result of negligence on the part of said defendants in the manner in which an automobile, owned by McDowell, and in which McDowell and Henley were riding, and driven by Henley, was driven into and caused to collide with an automobile in which Jasper N. Mullins was riding, which collision occurred on Highway No. 1 about one mile west of Mt. Pleasant in Titus County. The United States Fidelity & Guaranty Company alleged that it had discharged to Mr. and Mrs. D. N. Mullins, parents of Jasper N. Mullins, its liability as a carrier of compensation insurance on Jasper N. Mullins, and by reason thereof said company sought to recover under its right of subrogation. Joined in said action for damages said plaintiffs also alleged an action against Mrs. Flora Ratliff to cancel two deeds executed by W. L. McDowell and wife, N. C. McDowell, to said Flora Ratliff on or about October 9, 1937, conveying lands situated in Hopkins and Wood Counties. Mrs. Flora Ratliff is the daughter of W. L. and N. C. McDowell. Plaintiffs claimed that said deeds were executed without consideration and for the fraudulent purpose of preventing plaintiffs from collecting their claim for damages against W. L. McDowell, and that such conveyances by McDowell to Mrs. Flora Ratliff rendered McDowell insolvent. Mrs. Flora Ratliff and her husband, W. H. Ratliff, and Mrs. N. C. McDowell, residents of Hopkins County, were made parties defendant. All defendants filed pleas of privilege to be sued in Hopkins County, the county of their residence. Plaintiffs duly filed their controverting affidavit, incorporating therein their first amended original petition and claimed that venue of the suit as to Henley and McDowell was properly laid in Titus County under subdivision 9 of Article 1995, which subdivision provides that a suit based upon crime, offense or trespass, may be brought in the county where such crime, offense or trespass was committed; and that in any event venue was properly laid in Titus County under said subdivision 9 as to the defendant Henley who was driving the car at the time of the collision, and as to all of the remaining defendants venue was properly laid in Titus County under subdivision 29a of Article 1995, Vernon's Ann.Civ.St., which subdivision provides: "Whenever there are two or more defendants in any suit brought in any county of this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

The issues as to the pleas of privilege were tried to a jury. In response to special issues submitted the jury found: (1) That at the time of the collision and just prior thereto the automobile in which Henley and McDowell were traveling was being driven on the south side of the main traveled portion of Highway No. 1 while going in a westerly direction. (2) That such act was a proximate cause of the collision. (3) That the automobile in which

Henley and McDowell were riding at the time of the collision was being operated at a rate of speed in excess of 45 miles per hour. (4) That such act was a proximate cause of the collision. (5) That Henley was operating the car at the time of the collision while he was in a state of intoxication. (6) That such act was a proximate cause of the collision. (7) That McDowell was negligent in permitting Henley to operate the car in which they were riding while Henley was in a state of intoxication. (8) That the car in which Henley and McDowell were riding was being operated on the left-hand side of the road in the direction in which it was proceeding without the driver having a clear and unobstructed view ahead for a distance of at least fifty yards. (9) That such act was a proximate cause of the collision. (10) That Henley was not operating the car at the time of the collision at the request of McDowell. (11) That at the time of the collision Henley was operating the car with the consent of McDowell. (12) That at the time of the collision Henley was not operating the car on a mission for McDowell. Judgment was entered overruling the plea of privilege as to the defendant Henley; and sustained the pleas of privilege as to the defendants McDowell, Mrs. Flora Ratliff, W. H. Ratliff, and Mrs. N. C. McDowell. From an order overruling their motion for new trial plaintiffs have appealed from the judgment of the court sustaining the pleas of privilege as to the defendants McDowell, Mrs. Ratliff, W. H. Ratliff, and Mrs. McDowell.

Appellants objected and excepted to the submission of special issues No. 10 and No. 12, wherein the trial court inquired of the jury: (10) as to whether at the time of the collision Henley was operating the car at the request of McDowell; and (12) as to whether at the time of the collision Henley was operating the car on a mission for McDowell. Appellants objected and excepted to the submission of said issues upon the ground that the undisputed evidence showed that Henley was operating the car at the request of McDowell and on a mission for McDowell. Appellants duly filed their motion asking the trial court to disregard the jury's answers to such questions because said answers were contrary to the undisputed evidence, and prayed that the trial court enter judgment notwithstanding the jury's answers to said questions, and upon the verdict of the jury in answer to the other issues submitted and upon the uncontradicted evidence. All of these exceptions and motions were overruled by the trial court, to which appellants duly excepted and now assign error.

The undisputed evidence shows that on the morning of August 26, 1937, McDowell drove his car from his home in Sulphur Springs to the business section of that city where he found Henley and asked him if he "wanted to go out and around" with him. Henley consented and got in the car, and at the request of McDowell did the driving. During the course of that day and up into the early part of the night, the accident occurring about 8:30 p. m., Henley and McDowell (Henley doing the driving) drove to Honey Grove, Bonham, back through Commerce, Sulphur Springs, and to Mt. Pleasant, and had started back to Sulphur Springs when the collision occurred about one mile west of Mt. Pleasant. Henley testified that McDowell had a pint of whiskey with him when Henley first got in the car that morning; that he could tell from McDowell's actions that he had been drinking; that as soon as they drove out on the highway McDowell drank the pint of whiskey; that Henley bought a bottle of bay rum at Honey Grove and McDowell drank that; that McDowell bought another pint of whiskey at Commerce and drank that; that whenever they came back through Sulphur Springs McDowell was drunk. That they did not stop in Sulphur Springs but that he, Henley, thinking it would sober McDowell up, drove on to Mt. Pleasant where they purchased some beer which both of them drank. Henley testified that he did not drink any of the whiskey or bay rum and that he drank only half a bottle of beer. J. W. Blackstone who saw Henley at a service station at Mt. Pleasant shortly before the collision testified that Henley was drunk at that time. McDowell's testimony in substance is to the effect that he was so drunk that he does not "recollect" leaving home or anything that happened on the trip. It is shown, however, that he was able to drive his car into town and request Henley to drive him "out and around," which Henley did at McDowell's request. McDowell testified that if he had any business at any of the towns they visited he does not remember it. We think the undisputed evidence shows that Henley was still driving the car on the mission on which they em-

barked on the morning of that day, and that McDowell's request to do so had not been withdrawn. Having constituted Henley his agent for driving around that day, McDowell could not relieve himself of liability as a principal actor in the affirmative acts of negligence committed by his driver, Henley, by reason of the fact that he, McDowell, had gotten so drunk, if he did, that he did not know what he was doing at the time of the collision. In other words, McDowell's intoxication did not terminate Henley's agency. That the principal may be sued either jointly or alone for damages resulting from affirmative trespass committed by the agent in the county where the trespass was committed appears to be settled. Barnes v. Moro, Tex.Civ.App., 76 S.W.2d 831; Vaught v. Jones, Tex.Com.App., 17 S.W.2d 779; Schuller v. Fears, Tex.Civ.App., 67 S.W.2d 343; Jarvis-Tull & Co. v. Williams, Tex. Civ.App., 114 S.W.2d 1218; Campbell v. Wylie, Tex.Civ.App., 212 S.W. 980. We think the jury's findings in answer to special issues No. 10 and No. 12 should have been disregarded as being contrary to the undisputed evidence, and that upon the undisputed evidence and the other findings of the jury the plea of privilege as to W. L. McDowell should have been overruled.

Complaining of the court's action in sustaining the pleas of privilege of Mrs. Flora Ratliff and husband, W. H. Ratliff, and Mrs. N. C. McDowell, appellants make the following contention in substance: (1) That their suit for damages against Henley and McDowell is maintainable in Titus County under subdivision 9 of Article 1995; (2) that appellants are "creditors" of W. L. McDowell within the meaning of Article 3997, R.C.S., declaring voluntary conveyances void as to prior creditors, and citing the case of Colby v. McClendon, Tex.Civ.App., 116 S. W.2d 505, 511, which holds that "one who is entitled to remuneration for damages arising from tort is just as much a creditor of him who is liable for such damages as is the person who holds against him any other sort of claim"; (3) that being a creditor of McDowell, appellants had the right to join in one suit (a) their action against McDowell for damages, and (b) their action against his grantee, Mrs. Flora Rat-

liff, for cancellation of the alleged fraudulent conveyances to her, citing the case of Ward v. McKenzie, 33 Tex. 297, 298, 7 Am.Rep. 261, and Waddell v. Williams, 37 Tex. 351. Said cases hold that a suit by a creditor against his debtor to establish his debt and against the debtor's grantee to cancel a fraudulent conveyance "is not demurrable for multifariousness or for misjoinder of defendants" under our liberal practice, avoiding a multiplicity of suits. The question of venue was not raised in either of those cases. For purpose of deciding the question of venue raised in the present suit, it may be assumed, without affirming, that a creditor suing his debtor to establish his debt, may also join in such suit his action against the debtor's grantee, to cancel an alleged fraudulent conveyance, is permissible under our liberal procedure; but such permissible procedure would not be controlling over the grantee's statutory privilege, when insisted upon, to be sued in the county of his residence. Nor is such procedure within or covered by subdivision 29a of Article 1995. That is to say, McDowell's grantee, Mrs. Flora Ratliff, who is the principal defendant in appellant's action for cancellation of the deed of conveyance to her, as well as Mrs. N. C. McDowell and W. H. Ratliff, are not "necessary parties" to appellants' action for damages against McDowell. Appellants contend that the issue of venue here under consideration as to said Flora Ratliff, W. H. Ratliff, and Mrs. N. C. McDowell, is controlled by the decision in the case of Pioneer Bldg. & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284. We do not agree with that contention. It is our opinion that the issue of venue as to said defendants is controlled by the decision in Scott v. Scott, 133 Tex. 1, 123 S. W.2d 306, 126 S.W.2d 626 (Sup.Ct. answering certified questions from 5th Court of Civil Appeals, 126 S.W.2d 525).

The judgment of the trial court sustaining the plea of privilege as to W. L. McDowell will be reversed and judgment here rendered overruling same. The judgment of the trial court sustaining the pleas of privilege of Mrs. Flora Ratliff, Mrs. N. C. McDowell, and W. H. Ratliff is affirmed.

Reversed and rendered in part, and affirmed in part.